(60 App. Div. 303.)

### BENSINGER v. ERHARDT.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

1. DISCOVERY—WRITTEN INSTRUMENTS—INSPECTION—DEFENDANT—RIGHTS.

General Practice Rule 14 provides that either party may be compelled to make discovery of any document or record in his possession on its appearing to the satisfaction of the court that an inspection thereof is necessary to enable the party to prepare for trial. A complaint alleged that an interest in a certain cause of action against defendant was assigned to plaintiff and to T., subject to a prior assignment of part of it to M., and recited certain agreements under which the cause of action against defendant arose. *Held*, that it was error to deny defendant's motion for discovery, since an inspection of the assignments and agreements was necessary to enable him to prepare for trial.

2. SAME—LACHES.

Where defendant applied before trial for discovery of certain written instruments alleged in the complaint, it cannot be contended that the application should be denied because of defendant's laches.

Hatch, J., dissenting.

Appeal from special term, New York county.

Action by Moses Bensinger against Joel B. Erhardt and another. From an order denying defendant Erhardt's motion for discovery, he appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and INGRAHAM, JJ.

William Greenough, Jr., for appellant.

Louis Marshall, for respondent.

INGRAHAM, J. This action was brought to recover $25,000 from the appellant under an agreement made between the appellant, as trustee, and the Brussels Tapestry Company, the plaintiff's assignor. The plaintiff alleges the making of the contract, a copy of which is annexed to the complaint. By this contract the corporation is to have the right within three years from the date of the agreement, upon giving 90 days' notice of its intention so to do, to reconvey to the appellant all or any of the lots purchased by the corporation, and the appellant agreed upon such reconveyance to pay to the said corporation the sum of $450 for each lot reconveyed. It is then alleged that on the 6th day of October, 1896, the corporation elected to reconvey to the appellant 85 of the said lots, and for that purpose a deed of the said lots was executed by the corporation, and duly tendered to the appellant, and the sum of $25,500 demanded; that the appellant refused to accept such reconveyance, or comply with the terms of the agreement; that the corporation thereafter assigned and set over to the defendant Max Mayer all its right, title, and interest in and to its cause of action against the appellant to the extent of the balance remaining after the payment to the said corporation, out of the proceeds of the said cause of action, of the sum of $15,000, with interest thereon from the 7th day of October, 1896, the said Mayer agreeing with the Brussels Tapestry Company to collect the said $25,500 at his own cost and expense; that thereafter the said Brussels Company sold, trans-

ferred, and set over to the plaintiff and one Troescher all its right, title, and interest in and to the aforesaid cause of action; that Troescher subsequently, for a valuable consideration, sold, assigned, and transferred to the plaintiff all his right, title, and interest in and to the said cause of action; that the plaintiff is now the owner and holder thereof to the extent of $15,000, with interest thereon from the 7th day of October, 1896, and the defendant Mayer is the owner and holder of an interest in the balance of said cause of action after the payment to the plaintiff of the sum of $15,000. The appellant answered, and the case was placed upon the calendar for trial. Before the same had reached trial, the defendant made a motion for a discovery and inspection of the several instruments the execution of which is alleged in the complaint. That motion was granted to the extent of ordering discovery as to the deed that was alleged to have been tendered by the Brussels Tapestry Company to the appellant, and denied in the other respects, and from this order the appellant appeals.

Rule 14 of the general rules of practice provides:

"Either party may be compelled to make any discovery of any book, document, record, article or property in his possession or under his control or in the possession of his agent or attorney, upon its appearing to the satisfaction of the court that such book, document, record, article or property is material to the decision of the action or special proceeding or some motion or application therein, or is competent in the case, or an inspection thereof is necessary to enable a party to prepare for trial."

Where the plaintiff's case is based upon the proper execution of written instruments, especially where executed by persons not parties to the action, and the defendant who is sought to be charged upon them has had no opportunity to examine the instruments, it would seem to be proper that such a person should have an opportunity to inspect the instruments before the trial. In this case the obligation of the defendant Erhardt was under a contract made with the Brussels Tapestry Company, and thus it is to that corporation that he is responsible, if at all. That corporation is not a party to the action, and it is quite essential, if Erhardt is charged with what may be a double liability, that he should see to it that the corporation has in reality assigned its cause of action.

The complaint also alleges that, after assigning part of its cause of action to the defendant Mayer, the corporation subsequently transferred and assigned to the plaintiff and one Troescher its interest in the cause of action, subject to the right that Mayer had acquired, and that Troescher afterwards assigned his interest to the plaintiff. Troescher is not a party to the action, and it would seem essential that the defendant Erhardt should be able to ascertain whether the assignment from Troescher to the plaintiff transferred all of Troescher's interest under the contract. To enable the defendant Erhardt to prepare properly for trial, it is essential that he should have an opportunity to examine these instruments, so that he could be prepared to meet the case on the part of the plaintiff, which would depend upon the proper execution thereof. Erhardt had no means of knowing by whom they were executed, or whether

they are in fact valid transfers of the Brussels Tapestry Company's interest under this contract by which the corporation and Troescher have so parted with their interests as to prevent them from ever maintaining an action upon the contract; and it is apparent that he would be placed at a great disadvantage if at the trial these contracts should be introduced under such formal evidence as would be sufficient to justify their introduction, and he were not prepared to produce proper evidence to show, if it were a fact, that they were never legally executed by the transferors. There is no reason shown why a discovery should not be permitted, and the plaintiff can sustain no injury if the transfers were legally executed, so that they actually transferred to the plaintiff the interests which he seeks to enforce. The object in granting this discovery is, not to show to the defendant the evidence upon which the plaintiff seeks to maintain his cause of action, but to enable the defendant to properly prepare for trial. The complaint alleges the execution of another agreement between the Brussels Tapestry Company and Edwards and Lowerre, which agreement is recited in the contract under which the obligation of the defendant Erhardt arose, and to enforce which this action is brought. I can see no reason why the defendant Erhardt should not have the opportunity to inspect these agreements. As to the agreement upon which the action is brought, Erhardt admits in his answer that he executed it, a copy of which is annexed to the complaint. It does not seem that a discovery as to that instrument is necessary or proper.

There was no laches in making the application for the inspection of these instruments, as it was only necessary before the trial, so as to give the defendant reasonable time to prepare to meet the evidence offered by the plaintiff, and there can be no injury to the plaintiff by the granting of the application. This is not a case where the mere delay in making the application until it becomes necessary to prepare for trial constitutes such laches as would justify the denial of the motion.

The order appealed from should therefore be modified by granting the application for a discovery as prayed for, except as to the agreement, a copy of which is annexed to the complaint, and, as so modified, affirmed, with $10 costs and disbursements of the appeal to the appellant. All concur, except HATCH, J., who dissents.