VIVIAN LEONE, Plaintiff, *v.* GEORGE W. LOHMAIER et al., Defendants, and GEORGE LOEB, JR., Defendant and Third-Party Plaintiff. OTTO BERNZ, INC., et al., Third-Party Defendants.

Supreme Court, Special Term, Monroe County, March 26, 1954.

*Robert W. Clarke* for Otto Bernz, Inc., defendant and third-party defendant.

*Samuel C. Pilato* for plaintiff.

ROBERTS, J. This action was originally commenced by the plaintiff against the defendants, Lohmaier, Becker and Loeb, to recover for property damage resulting from a fire allegedly caused by the explosion of a blowtorch owned by the defendant Loeb. Thereafter, Loeb as a third-party plaintiff served a third-party complaint upon the third-party defendant, Otto Bernz, Inc., alleging that the blowtorch had been negligently repaired by the third-party defendant. Thereafter, the plaintiff served an amended complaint joining the third-party defendant as a defendant in the original action, alleging that said defendant had negligently and improperly manufactured and serviced the said blowtorch.

The defendant and third-party defendant, Otto Bernz, Inc., is here moving for a discovery and inspection of the blowtorch which is alleged to have exploded. On the argument of the motion plaintiff's attorney conceded that this was a proper case for a discovery and inspection but opposed the granting of the motion on two grounds, (1) that the blowtorch was not in the possession of or under the control of the plaintiff, and (2) that the defendant and third-party defendant was guilty of laches in making the application.

The defendant Loeb, the owner of the blowtorch, is willing to allow an inspection thereof. It is not however in the possession of the owner but is in the possession of Darcy Claim Agency, who are insurance investigators acting on behalf of the fire insurance company which carried the insurance on plaintiff's premises. Plaintiff claims that the insurance company refuses to allow a discovery and inspection of the blowtorch which apparently is being held by the insurance company for use at the time of trial although the same is neither the property of the plaintiff nor of the insurance company.

It is true that the right of discovery is limited to an article in the possession of a party or under his control (Civ. Prac. Act, § 324; Rules Civ. Prac., rule 140). Under the circumstances here existing, the court feels that the blowtorch is in fact within the control of the plaintiff and in the interests of justice the discovery and inspection should be allowed.

The fire at plaintiff's premises occurred on February 22, 1952. The plaintiff claims to have suffered damages of $19,000. The loss was partially covered by insurance and on April 3, 1952, the plaintiff signed a loan receipt acknowledging the receipt of $10,000 from the Mechanics and Traders Insurance Company. This loan receipt provided in part as follows: '' In further consideration of said advance the undersigned (the plaintiff) * * * hereby appoint(s) the managers and/or agents of the said ' Company ' and their successors severally, his, its or their agent(s) and attorney(s)-in-fact, with irrevocable power, to collect any such claim or claims, and to begin, prosecute, compromise or withdraw in his, its or their name, but at the expense of the said ' Company ', any and all legal proceedings that the said ' Company ' may deem necessary to enforce such claim or claims, and to execute in the name of the undersigned, any documents that may be necessary to carry the same into effect for the purposes of this agreement.''

In view of this loan receipt, the action was properly brought in the name of the plaintiff without joining the insurance company (Civ. Prac. Act, § 210). The 1950 amendment to section 210 of the Civil Practice Act permitted an insured person who has executed a loan receipt to sue without joining the person for whose benefit the action is prosecuted. The purpose of this amendment was to prevent the disclosure of the fact of plaintiff's insurance to the jury (Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 58–60). The provisions of this section do not alter the fact that this is a single cause of action brought for the benefit both of the plaintiff and her insurance carrier. Their interests are identical. This cause of action in the absence of assignment or subrogation is that of the plaintiff. By the express terms of the loan receipt the insurance company became the agent of the plaintiff to prosecute her cause of action. The blowtorch which is in the possession of the agent or its investigators must be deemed to be within the control of the principal and subject to discovery and inspection even though the agent is not a party to the action. This conclusion is in accord with the decisions permitting the

discovery of a document in the possession of a liability insurance company where only its insured is a party to the action. (*Sciortino* v. *Steeplechase Amusement Co.*, 51 N. Y. S. 2d 174; *Meehan* v. *McCloy*, 266 App. Div. 706; *Bearor* v. *Kapple*, 24 N. Y. S. 2d 655.)

The order to show cause asking for a discovery and inspection was granted less than two weeks after the amended complaint had been served. Prior to this time unsuccessful efforts had been made to obtain permission to inspect the blowtorch. There has been no laches which would defeat the right of discovery. (*Bensinger* v. *Erhardt*, 60 App. Div. 303, 306.)

Donald F. Hathaway, Esq., 1150 Lincoln Alliance Bank Bldg., Rochester, N. Y., is hereby appointed Referee to direct and superintend said discovery and inspection. Plaintiff is directed to deliver or procure the delivery of the blowtorch to said Referee at his office at the above address on or before April 5, 1954. After the delivery thereof to the Referee, the defendant and third-party defendant, Otto Bernz, Inc., its attorneys, agents and representatives, shall be allowed to inspect said blowtorch and photograph the same if desired, in the presence only of said Referee at his office aforesaid. After such inspection the Referee shall return the blowtorch to the person from whom it was received.

All proceedings in this action on the part of the plaintiff, other than the delivery of said blowtorch to the Referee, and the review of the order to be entered herein, are hereby stayed until said order shall have been complied with or vacated.