Matthew J. Jasen, J.
This is a motion by defendant for an order pursuant to subdivision 2 of rule 107 of the Buies of Civil Practice to dismiss the complaint on the grounds that the plaintiff lacks capacity to sue. Defendant also moves pursuant to section 187 of the Civil Practice Act for a change of venue on the grounds of the convenience of witnesses.
The plaintiff was insured for the same risk by two separate insurance companies. In 1961 an accident occurred which plaintiff reported to the Merchants Mutual Insurance Company, one of the companies, but apparently not to her other insurer, defendant herein. The former settled the claim for damages and by letter so advised defendant, requesting reimbursement of one half of the settlement. Not receiving same, plaintiff instituted an action demanding judgment against defendant for the full amount of the settlement and had submitted a ‘ ‘ Trust Agreement ’ ’ between herself and the Merchants Mutual Insurance Company assigning to said Merchants Mutual all her rights requiring defendant to pay over the entire settlement or an equitable portion thereof.
Defendant contends that the plaintiff has no interest in the litigation and that the real party in interest is the Merchants Mutual Insurance Company.
A literal reading of section 210 of the Civil Practice Act does not uphold defendant’s contention. Furthermore, CarmodyWait, New York Practice (vol. 2, p. 547) states: “he [the insured person] is a proper plaintiff even though not the real party in interest.”
In Leone v. Lohmaier (205 Misc. 467, 469) the court held: “In view of this loan receipt, the action was properly brought in the name of the plaintiff without joining the insurance company (Civ. Prac. Act, § 210). The 1950 amendment to section 210 of the Civil Practice Act permitted an insured person who has *862 executed a loan receipt to sue without joining the person for whose benefit the action is prosecuted.”
Motion to dismiss the complaint is denied.
However, defendant’s motion for a change of venue from Erie County to Suffolk County is granted, inasmuch as all the interested parties live in or near New York City.