Richard J. Cardamone, J.
The plaintiff has moved for an order vacating the defendant’s demand for a bill of particulars. The defendant has cross-moved for an order to preclude.
This motion arises during the pendency of a motor vehicle personal injury action for injuries which the plaintiff allegedly sustained on June 25, 1964. A summons and complaint were served on June 24, 1965. On July 9, 1965, the defendant made a demand for a bill of particulars. The defendant has moved to preclude the plaintiff on the grounds that the bill of particulars purporting to be in response to defendant’s demand was deficient in the following particulars:
a. The bill was signed by the plaintiff’s attorney and not by the plaintiff;
b. The bill of particulars, in response to a demand to specify the acts of negligence claimed, refers to a paragraph in the complaint;
c. In response to a demand for those injuries claimed to be permanent, the bill of particulars states that all injuries are permanent except those of a superficial nature;
d. In response to a demand for the number of house calls made to the plaintiff by his physician and the number of visits made by the plaintiff to his physician’s office, the plaintiff stated that this was an improper demand ;
e. In response to a demand for bills for property damage the plaintiff responded that he did not know;
f. The name of plaintiff’s employer was not set forth as demanded by the defendant.
As a result of these alleged deficiencies, the defendant by letter dated -September 16, 1965, returned the bill of particulars served upon his attorneys stating that he was treating the bill of particulars as a nullity and brought this motion to preclude.
The court will consider each of these alleged deficiencies in the bill respectively:
*364 a. CPLR 3044 provides that a hill of particulars shall be verified, although it does not specify who must verify. CPLR 3020 provides in subdivision (d) (par. 2) that the verification of a pleading- shall be made by the affidavit of the party except as provided in paragraph 3, where the party is not in the county where the attorney has his office. Nowhere in the bill of particulars furnished to the defendant is any reason or fact set forth as to why the bill of particulars is verified by the attorney rather than by the party as is provided for by the statute. In his affidavit on the motion the attorney states: 11 The plaintiff is a traveling salesman and was not within the County at the time of the verification and this is why the plaintiff’s counsel made the verification of the bill of particulars ”. This excuse does not meet the requirement laid down by the statute, that the verification must be made by a party unless the party is not in the county where the attorney has an office;
b. & c. As to both b. & c., the plaintiff concedes that the bill of particulars was deficient and has prepared and attempted to serve a supplemental bill remedying these deficiencies;
d. Rule 116 of the Rules of Civil Practice specifies the particulars that may be required of a plaintiff by a defendant in a personal injury action. Clearly, subdivisions a, b, c, d, e and f have nothing to do with visits to a physician at his office or by a physician to the plaintiff’s home.
A literal reading of g. and h., which are concerned respectively with confinement to bed and house (g), and to length of time incapacitated from employment (h), also does not bear on the question of physician’s visits. ¡Subdivision (i) is concerned with physician’s services, loss of earnings, hospital expenses and nurses’ services. This subdivision could conceivably have some connection with a physician’s visits since the frequency of the visits may be an aid in determining- the value of the physician’s services. Finally, subdivision (j) provides that nothing contained in the foregoing subdivisions shall be deemed to limit the court in granting other, further or different particulars.
CPLR 3043 is drawn almost verbatim from rule 116 of the Rules of Civil Practice. It contains nine subdivisions. Prior to the enactment of the CPLR there was conflicting authority regarding physician’s visits (Desimone v. Robertson, 19 Misc 2d 80, 81 [Supreme Ct., Onondaga County, 1959] [not a proper demand]; Sakolish v. Lilga, 25 Misc 2d 205, 206 [Supreme Ct., Erie County, 1960] [the number of visits to and by a physician properly obtainable in a demand for a bill of particulars]). The enactment of the CPLR with its mandated liberal construe *365 tion and with its emphasis on the furnishing to an opponent of as much factual information as possible to secure the just, speedy and inexpensive determination of every civil judicial proceeding (CPLR, 104) would clearly indicate that this information regarding visits to and by a physician should be available to the defendant. It would not strain the language of paragraph (9) of subdivision (a) of CPLR 3043 to include as part of the “ Total amounts claimed * * * for physicians’ services ’ ’ the number of visits made by the plaintiff to the doctor’s office as well as the number of visits made by the doctor to a plaintiff’s home. In the trial of a negligence action and particularly in the settlement of the same, information of this kind is of aid in estimating the reasonable value of the physician’s services (which is a question of fact). In any event, it clearly is a discretionary matter with the court which it believes should be exercised in favor of furnishing the information demanded. (Mioducki v. Becht, 285 App. Div. 863 [Fourth Dept., 1955] cited in Sakolish v. Lilga, supra, p. 206.)
e. Plaintiff must furnish the defendant with information regarding the damage to the vehicle, but is not entitled to a copy of the repair bill;
f. Plaintiff must furnish the name of his employer to defendant. (CPLR 3043, subd. [a], par. [9].)
The plaintiff’s motion to vacate the defendant’s demand for a bill of particulars is denied and the plaintiff is directed to furnish the information as enumerated in this decision within 10 days after service of the order. The defendant’s motion to preclude is denied unless the plaintiff shall fail to furnish the information set forth herein within the 10-day period specified, in which case it will be granted.