Richard S. Lane, J.
During trial in this summary holdover proceeding, tenant moves to dismiss on the ground of a defective verification to the petition.
The motion is granted (Real Property Actions and Proceedings Law, § 741; CPLR 3020 and 3022; see Sandymark Realty Corp. v. Greswell, 67 Misc 2d 630).
*738 This opinion is being written and filed for the purpose of illuminating for benefit of counsel for both landlords and tenants, a practice which is pernicious and which may be more widespread than any of us are aware.
The court has long known that landlords delegate to City Marshals the task of filling in the blanks on printed forms of petitions and notices of petition in summary proceedings. The landlord thus saves the expense of retaining counsel until the day of trial or altogether if the tenant does not contest the proceeding. There is nothing illegal in such procedure although many a landlord has learned to his regret that it is fraught with danger. Not only do marshals sometimes make mistakes which are jurisdictional in nature and cannot be cured, but sometimes the forms themselves are deficient (see Kings East v. Crowell, N. T. L. J., June 11, 1969, p. 17, col. 4).
In this proceeding an accidental question revealed to the surprise of both counsel that the signature of landlord’s agent to the petition and the verification thereof were not genuine. No one in the courtroom knew who actually appended the signature, but counsel speculated that it may have been the Marshal. If I knew I would have had no hesitation in reporting the matter to the District Attorney, the Mayor and other appropriate authorities. The act would constitute perjury as defined in article 210 of the Penal Law.
Landlord’s argument that since landlord can deputize an agent to bring the proceeding pursuant to subdivision 8 of section 721 of the Beal Property Actions and Proceedings Law, it can also deputize an agent to sign is misconceived. In the first place, the right of an agent to bring the proceeding is specifically granted by statute and, in such event, the agent acts in his own name and verifies the petition in his own name. In the second place the general right to deputize an attorney in fact pursuant to title 15 of article 5 of the General Obligations Law contemplates granting a power to act in the name of the principal but not a power to swear in the name of the principal. Furthermore, an attorney in fact so deputized must reveal the source of his authority in any acknowledgment or verification (10 Bender’s Forms [Legal Business Forms], p. 25).
If the practice herein revealed is indeed widespread, it cannot help but bring the court and the Bar into disrepute and may subject the actual signers to criminal sanctions.