Allen Murray Myers, J.
In this summary nonpayment proceeding respondent moves in two separate motions to vacate the judgment and warrant of eviction and for permission to interpose her defenses, and to dismiss the petition on the ground that it is “ fatally defective ”.
On July 29, 1971, the respondent, represented by the Legal Aid Society, and a recipient of welfare assistance, agreed to the entry of a judgment of possession and for rent in the sum of $54.45 with a stay of the issuance of the warrant through August 8, 1971.
During the period of the stay, the Department of Social Services issued a rental allowance of only $53, which sum was mailed to and received by the landlord on August 5, 1971. It was returned by mail on the same day with the notation “ rejected — insufficient; amt. due to 7/31/71 $54.45”. The agent for the landlord, in his answering papers alleges ‘ ‘ several conversations with the tenant and her Social Service representative wherein they failed and refused to mail the amount set forth in the Judgment of this Court”.
Only after a warrant of eviction was issued did the Department of Social Services offer to pay the additional $1.45. But at this point, the landlord refused to accept it and insisted upon a dispossess. The Department of Social Services, amicus curiae, then made the two motions herein. It is not denied that the amount of the consent judgment was $54.45 and that *581 only $53 was tendered prior to the issuance of the warrant, but it is urged that the deficiency was de minimis, an unintentional error, and was tendered before the execution of the warrant and before the landlord had changed his position.
Clearly, the landlord is under no obligation to accept rent after the issuance of a warrant of eviction (Greenberg v. Cagle, 212 N. Y. S. 2d 767), because the issuance of the warrant annuls the relationship of landlord and tenant (Emray Realty Corp. v. Lloyd, 158 N. Y. S. 2d 852). However the matter continues to be a pending proceeding until the warrant is executed (Whitmarsh v. Farnell, 298 N. Y. 336). Even after execution of the warrant, the court retains jurisdiction for certain purposes (Matter of Albany v. White, 46 Misc 2d 915; Matter of Joseph v. Cheeseboro, 42 Misc 2d 917, revd. on other grounds 43 Misc 2d 702).
The petitioner in this action seeks to evict the respondent on very technical grounds — namely the tender of a sum which was deficient by the amount of only $1.45. This deficiency was actually the fault of the Department of Social Services and not the tenant. However, petitioner ‘ ‘ insisting upon a technicality [has himself] failed to comply with the technical requirements ” of a petition (98 Delancey St. Corp. v. Barocas, 82 N. Y. S. 2d 802, 805, affd. 275 App. Div. 651).
Even though the judgment was entered by consent, the parties cannot confer jurisdiction upon the court if the court did not have jurisdiction over the matter in the first instance (Circulation Assoc. v. Mother’s Manual, 53 Misc 2d 225). A summary proceeding is governed entirely by statute and ‘ ‘ there must be strict compliance with the statutory requirements * * * The essentials of the petition and notice of petition are specifically regulated and strictly construed.” (Goldman Bros. v. Forester, 62 Misc 2d 812, 815 and cases cited therein; Cal Cal Realty Corp. v. Taylor, 67 Misc 2d 903).
Subdivision 8 of section 721 of the Real Property Actions and Proceedings Law permits an agent to maintain a proceeding. If he does he is the petitioner and must appear in the caption as such. In this case the caption names 300 West Realty Co. as the petitioner. However, said 300 West Realty Co. has submitted no petition to this court, nor does it appear what is its legal entity — whether it is an individual or partnership operating under a trade name or a corporation. The only petition submitted to the court is by an individual who describes himself as the agent of the landlord. Although an agent may be a petitioner, he is not the petitioner in this pro *582 ceeding. Without the petition of 300 West Realty Co., this proceeding is a nullity. (See Hirent Realty Corp. v. Mosley, 64 Misc 2d 1011.)
This solution is in keeping with the desire of the courts to arrive at a reasonable and practical interpretation under the circumstances of each particular case (Lewis v. Clothes Shack, 67 Misc 2d 621). There was substantial compliance with the tenant’s obligation to pay the amount of the judgment prior to the issuance of the warrant and full compliance immediately thereafter. The minimal deficiency of $1.45 was not due to any willfulness on the tenant’s part, but to her unfortunate dependency upon the Department of Social Services. The landlord has not changed his position nor suffered any loss (Sy Jack Realty Co. v. Pergament Syosset Corp., 27 N Y 2d 449). Therefore this court should not countenance the eviction of respondent from her home under these circumstances.
Tenant’s first motion to vacate the judgment and warrant of eviction is .denied, since there is no defense to this action. The second motion to vacate and set aside the judgment and the warrant of eviction and to dismiss the complaint on jurisdictional grounds is granted without prejudice.