Jules L. Spodek, J.
Respondent tenant moves for an order vacating a warrant of eviction and judgment herein and dismissing the petition upon the grounds, among others, that the court lacks jurisdiction by reason of newly enacted section 741 of the Real Property Actions and Proceedings Law and the repeal of subdivision 8 of section 721 of the Real Property Actions and Proceedings Law, both effective July 1, 1977 (L 1977, ch 247).
The landlord’s name appears in the caption as landlord, by the attorney. The attorney was named as the petitioner. The attorney, not the landlord, made and executed the petition.
The issue, simply put, is whether the failure of the landlord to make and execute the petition is such a fatal defect as would sustain a dismissal of the petition, in which case the petition must fail, or is some mere technical defect and as such amendable to amendment?
CPLR 104 and 3026 permit pleadings to be liberally con *885 strued and defects ignored if a substantial right of a party has not been prejudiced. However, if the proceeding was improperly brought or brought by one who is not permitted to bring same, then CPLR 3026 would be of no avail. This is especially so in a summary proceeding where the essentials of the petition and notice of petition are specifically regulated. (300 West Realty Co. v Wood, 69 Misc 2d 580, affd 69 Misc 2d 582.)
While I am not unmindful of the fact that a mistake in a name has been held to be a mere irregularity (Heritage Realty Corp. v Heard, 77 Misc 2d 72), those cases were prior to the Legislature’s repeal of subdivision 8 of section 721 of the Real Property Actions and Proceedings Law. The attorney was specifically permitted to maintain the action at that time. (Fitzgerald v Washington, 80 Misc 2d 861.)
The Legislature specifically enumerates who may bring the action and in repealing subdivision 8 of section 721, attorneys were divested of standing and legal capacity to bring or maintain the proceeding. Furthermore, there is neither need nor reason for an attorney to be a petitioner in his own name since the ultimate judgment must be rendered in favor of the landlord or such person entitled to rent or possession.
Motion granted.