OPINION OF THE COURT
Anthony J. Mercorella, J.
This is a proceeding to recover possession of real property for alleged nonpayment of rent. The rent claimed to be due is described as additional rent based upon other factors, the most pertinent being the New York Consumer Price Index issued by the United States Bureau of Labor Statistics.
The petition and the proceedings were made and commenced in the name of Roy L. Zisser, as attorney for Tatemono, Inc., as landlord. The verification was by Roy L. Zisser, landlord’s attorney.
 Section 1 of chapter 247 of the Laws of 1977, effective July 1, 1977, repeals subdivision 8 of section 721 of the Real Property Actions and Proceedings Law so as to bar a legal representative, attorney, agent, or assignee of the landlord from maintaining this proceeding in which the petition was dated July 27, 1977. In this respect, the court perceives no ambiguity or inconsistency by virtue of the amendment to section 741 of the Real Property Actions and Proceedings Law (L 1977, ch 247, § 2) permitting veriñcation by the person authorized by section 721 to maintain the proceeding or by a legal representative, attorney, or agent of such person pursu *1027 ant to CPLR 3020 (subd [d]). Simply stated, in enacting this legislation the Legislature intended to prohibit an attorney for the landlord to maintain a summary proceeding. That being so, the court deems this proceeding to be jurisdictionally defective which alone mandates dismissal.
While liberality is generally shown in permitting amendments to pleadings, in the absence of prejudice (CPLR 104, 3026), yet where the party lacks legal capacity to sue, such a defect is not amendable, particularly in statutory proceedings. (300 West Realty Co. v Wood, 69 Misc 2d 580; Bivona v Allstate Ins. Co., 39 Misc 2d 861.)
In addition, the requirement that the action must be maintained by the real party in interest has not been completely eliminated. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR art 10, p 351.)
But apart from every other consideration, the legislative intention was clear in repealing subdivision 8 of section 721 of the Real Property Actions and Proceedings Law. The section had caused confusion in that judgments rendered were not in favor of the real party in interest and that interposition of counterclaims became cumbersome.
Moreover, addressing the question of verification, the proof amply demonstrates that the landlord, Tatemono, Inc., was at the time of the verification a domestic corporation having an office within the county where the attorney Roy L. Zisser had his office. Consequently, the verification by the attorney was not authorized by CPLR 3020 and, similarly, suffers from an infirmity requiring a dismissal of the petition. The fact that the officers of the corporation were "out of town” at the time of verification is unavailing and the petition is defective.
Accordingly, the petition is dismissed without prejudice.