OPINION OF THE COURT
Bernard Fuchs, J.
This summary nonpayment proceeding for four months’ store rent culminated in judgment for petitioner by default and a warrant of eviction. Pursuant to the warrant, a city marshal restored petitioner to possession on August 11, 1977. *764 Thereafter the store was relet to a new tenant which renovated extensively to conduct a different business.
On December 16, 1977, some four months after the eviction, respondent moved by order to show cause to set aside the judgment and vacate the warrant for lack of jurisdiction. Respondent argues that the petition was "instituted by the attorney” rather than the landlord. This was done on July 18, 1977, a date subsequent to the repeal, effective July 1, 1977, of former subdivision 8 of section 721 of the Real Property Actions and Proceedings Law. (L 1977, ch 247, § 1.)
Until July 1, 1977, that provision permitted an attorney or other specified representative of the landlord to bring the proceeding. In such a case the attorney or representative acted in his own name and verified the petition in his own name. (46 Downing St. Corp. v Loren, 67 Misc 2d 737.) Subdivision 8 of section 721 of the Real Property Actions and Proceedings Law was repealed because it resulted in confused judgments which did not name the real party in interest and because the interposition of counterclaims was cumbersome. (Zisser v Bronx Cigar Corp., 91 Misc 2d 1025.)
The caption of the present petition names the landlord "by” his attorney. Its preamble reads "The petition of Moshe Gamliali by Herbert M. Feinsod respectfully shows that:” (emphasis added). The landlord is thus designated as the petitioner albeit with a further statement that he is acting through another. This sufficiently places the petition under subdivision 1 of section 721 of the Real Property Actions and Proceedings Law as one brought by the landlord not the attorney. (Heritage Realty Corp. v Heard, 77 Misc 2d 72; Lee v Parchini, 82 Misc 2d 843; cf. 300 West Realty Co. v Wood, 69 Misc 2d 580, affd without opn 69 Misc 2d 582.)
No claim of confusion, prejudice or deception of respondent appears in the papers nor is any apparent to the court. The presence in the caption and preamble of a reference to petitioner’s representative is therefore mere surplusage. Neither Zisser v Bronx Cigar Corp. (91 Misc 2d 1025, supra) relied on by respondent, nor Sollar v Bloom (91 Misc 2d 884) is to the contrary although the petitions in both cases were dismissed for lack of jurisdiction. In Zisser and Sollar, unlike the present case, the petitioner was the landlord’s attorney who, after repeal of subdivision 8 of section 721 of the Real Property Actions and Proceedings Law, was no longer authorized to bring the proceeding.
*765 A remaining objection is that the petition was verified by the attorney rather than the petitioner, Mr. Gamliali. The petitioner, however, was out of the State when the petition was made and the attorney himself had full personal knowledge of its allegations. Either of these facts is sufficient to permit verification by the attorney. (CPLR 3020, subd [d], par 3; Boyce v Dumars, 114 App Div 284; Storm v Migliore & Sons, 130 Misc 654; Matter of Ross, 34 Misc 2d 1018; CarmodyWait 2d, NY Prac, p 144; cf. Baldwin v Tinker, 48 Misc 2d 362.)
Motion denied.