OPINION OF THE COURT
Vincent M. McConnell, J.
Respondent tenant moves to dismiss the petition in this summary holdover proceeding for illegal use on the grounds that the petition is fatally defective pursuant to section 721 of the Real Property Actions and Proceedings Law. Petitioner landlord cross-moves to amend the petition nunc pro tunc and for summary judgment.
The court notes that although the caption is styled "1550 Broadway Associates, Petitioner,” it is stated in the body thereof to be "The petition of 1550 Broadway Associates and Gary N. Sazer, Agent Attorney” and the petition is signed by "Gary N. Sazer, Petitioner.”
*708 The court further notes that the petition is verified by said Gary N. Sazer, who describes himself in the printed form as follows: "deponent is the petitioner in the foregoing petition * * * That deponent is the agent of landlord and all the material allegations set forth in said Petition are within the personal knowledge of deponent as agent of said Landlord”. It is the contention of respondent that because the petition has been brought by Gary N. Sazer as agent attorney, it contravenes section 721 of the Real Property Actions and Proceedings Law, as amended by section 1 of chapter 247 of the Laws of 1977.
During oral argument before the court, Gary N. Sazer conceded that he had signed the petition as petitioner, but contended that he is empowered to bring such a proceeding even under the recent amendment to section 721 of the Real Property Actions and Proceedings Law because he was acting as an attorney in fact, not as an attorney at law, having been duly authorized to act as attorney in fact by the landlord, 1550 Broadway Associates, by virtue of a short-form power of attorney pursuant to subdivision 4 of section 5-1502A of the General Obligations Law.
Chapter 247 of the Laws of 1977 repealed subdivision 8 of section 721 of the Real Property Actions and Proceedings Law so as to remove legal representatives, attorneys, agents and assignees from the category of persons eligible to commence a summary proceeding. The Memorandum of sponsors of Assembly Bill 5427 and Senate Bill 3881, 1977 Session, states in the section entitled "Justification” the following: "We know of no 'assignee of the landlord’ entitled to institute summary proceedings except a purchaser of the proceedings [sic], except a purchaser of the property or the devisee thereof under a will, in either of which cases such 'assignee’ is, in fact, the landlord at the time the proceeding is started. Accordingly, there is no necessity for the last part of Sub. 8, which authorized [sic] an assignee of the landlord or purchaser to apply. Nor do we believe there is any justification for permitting an attorney, agent or other representative to institute a proceeding in his (or her) name. Any judgment must be rendered in favor of the person entitled to possession or the rent.” (Also, see, Memorandum by the Executive Director of the Law Revision Commission Relating to Assembly Bill No. 5427A, Laws of 1977.)
This court finds that Gary N. Sazer was not the landlord of the premises or within the category of persons entitled to maintain this proceeding pursuant to section 721, as amended, *709 despite the powers granted to an attorney in fact under section 15-1502A of the General Obligations Law. Even if the court construed the recent amendment to section 721 as not inhibiting an attorney in fact from acting in the name of the landlord or other person entitled to maintain this proceeding, the court finds that Gary N. Sazer did not purport to act in the name of the landlord, but rather acted in his own name as petitioner as agent/attorney for the landlord and so was squarely within the prohibition of section 721, as amended.
Inasmuch as the petitioner, Gary N. Sazer is not a person entitled to maintain this proceeding, the petition is fatally defective and confers no jurisdiction upon this court to entertain this petition.
Petitioner’s cross motion to amend the petition nunc pro tunc and for summary judgment must be denied. Although pleadings are to be liberally construed and defects ignored if a substantial right of a party has not been prejudiced (CPLR 104, 3026) and although pleadings can be amended in summary proceedings (Jackson v New York City Housing Auth., 88 Misc 2d 121), a summary proceeding is a statutory creation and the petition which together with the notice of petition commences a summary judgment must comply with statutory requirements at the time the action is commenced for jurisdiction to lie. The Legislature by enacting the recent amendment to section 721 delimited the class of persons who were entitled to maintain such a proceeding. An attorney, agent or legal representative is not among the class nor is an attorney in fact who must be deemed a legal representative. Since the said Gary N. Sazer represented himself to be the petitioner and was not among the persons authorized to maintain a summary proceeding, he lacked legal capacity to sue at the time the action was commenced and therefore, the court cannot now retroactively cure this fatal defect by a motion to amend the petition. Accordingly, the petition must be dismissed. (See Zisser v Bronx Cigar Corp., 91 Misc 2d 1025; Sollar v Bloom, 91 Misc 2d 884; Rob Realty v Patrick, Index No. L+T 67881/78 [Civ Ct, NY County, Aug. 11, 1978].)
In light of the dismissal on jurisdictional grounds, the court does not reach the question raised by the respondent as to whether the institution of a summary proceeding for nonpayment waives the petitioner’s rights in a prior holdover proceeding for illegal use.