OPINION OF THE COURT
Benjamin F. Nolan, J.
In this nonpayment summary proceeding, tenants, appearing pro se, filed with the clerk an oral answer of "violations” pursuant to sections 732 and 743 of the Real Property Actions and Proceedings Law, but then failed to appear on the trial date, whereupon a final judgment for rent and possession was entered against them. Thereafter, now represented by counsel, tenants moved by order to show cause with a stay to vacate the judgment and have the proceeding restored to the Trial Calendar. Tenants’ underlying affidavit alleged only: "We are asking for dismissal of the money judgment because there is no subject matter jurisdiction over the proceeding due to the fact that the petition is verified by the agent for petitioner and the R.P.A.P.L. no longer allows for such.” This time, landlord defaulted on the return date, but thereafter moved for reargument. The motion for reargument is granted, and upon reargument, is decided as follows.

The Validity of the Verification.

Effective July 1, 1977, chapter 247 of the Laws of 1977 created a new opening paragraph of section 741 of the Real Property Actions and Proceedings Law, which now reads: "The petition shall be verified by the person authorized by section [721 of the Real Property Actions and Proceedings Law] to maintain the proceeding; or by a legal representative, attorney or agent of such person pursuant to subdivision (d) of section [3020] of the civil practice law and rules [CPLR]”.
CPLR 3020 (subd [d]) provides in pertinent part that:
"The verification of a pleading shall be made by the affidavit of the party * * * except:
"1. if the party is a domestic corporation, the verification shall be made by an officer thereof and shall be deemed a verification by the party * * *
"3. * * * or if all the material allegations of the pleading are within the personal knowledge of an agent or the attorney, the verification may be made by such agent or attorney.”
The caption in the notice of petition herein shows the *632 petitioner to be Katonah Realties, Inc., and is perfectly legal in all respects both in form and content. The caption of the petition shows the petitioner to be the corporation but its opening sentence alleges that it is the petition of Marvin A. Bass as the one "authorized to institute and maintain this proceeding and (who) is the attorney * * * of katonah real-ties, inc.”. The petition is verified by Marvin A. Bass as secretary of Katonah Realties, Inc. The verification here is clearly proper, being made by the secretary of the petitioner corporation.
Recently, the Appellate Term, First Department, in Trustees of C.I. Mtge. Group v NYILR Ltd. (NYLJ, Dec. 8, 1978, p 6, col 3) said: "The verification in issue, made by the vice-president of landlord’s agent is without defect (See Rasch 2d, sec. 1253). Read together, RPAPL 741, as amended effective July 1, 1977, and CPLR 3020 (d) (3) provide authority for an agent of a landlord-foreign association, with personal knowledge of the material allegations of the pleadings — even though unable to initiate the proceeding — to verify the petition on behalf of the person authorized by statute to bring the proceeding . (RASCH 2d supp., sec. 1266).” (Emphasis supplied.) The most significant part of the aforesaid expression of very recent appellate interpretation is: "even though unable to initiate the proceeding”. This is particularly significant because the verification here, made by Marvin Bass, as secretary of the corporation, under CPLR 3020 (subd [d], par 1) is far more statutorily compatible than was the verification of the agent in that proceeding under CPLR 3020 (subd [d], par 3).

Whether the Petition was Brought by an Improper Party.

It is clear that the petition herein should have recited that it was brought by the corporation instead of reciting that it was brought by Marvin Bass. Although this petition has not been attacked on the grounds that it was brought by an improper party, the defect being obvious on the face of the petition, the court cannot ignore it. The resultant issue is whether the defect is amendable, whether it can be the subject of waiver or estoppel, or, on the other hand, whether the petition must be dismissed and the judgment vacated because of the defect.
Simultaneously with the creation of a new opening paragraph of section 741 of the Real Property Actions and Proceedings Law, the Legislature (via the same chapter 247 of the *633 Laws of 1977) repealed subdivision 8 of section 721 of the Real Property Actions and Proceedings Law, which had permitted "[t]he legal representative, attorney, agent or assignee of the landlord” to recover possession of real property. Since July 1, 1977, the effective date of these amendments, decisions interpreting the amendments have divided, some on the side of strict construction, and others on the side of liberal construction. The strict constructionists have interpreted defects in the petition to be nonaméndable subject matter insufficiencies (Lazarus v Alexander, NYLJ, June 20, 1978, p 12, col 2; Zisser v Bronx Cigar Corp., 91 Misc 2d 1025; Sollar v Bloom, 91 Misc 2d 884; Freeman v Deacon, NYLJ, March 30, 1978, p 10, col 6), while the liberal constructionists have found them to be amendable. (Trustees of C.I. Mtge. Group v NYILR Ltd. supra; McClelland v Robinson, 94 Misc 2d 312; Presidential Towers Residence v Small, NYLJ, July 3, 1978, p 12, col 1; Oceangate Assoc, v Zingale, NYLJ, June 22, 1978, p 13, col 3; Gamliali v Tower of David, 94 Misc 2d 763.) The Appellate Term, Second Department, in Lazarus v Alexander (supra), dismissed the petition because it was brought by an attorney, and cited approvingly both Zisser v Bronx Cigar Corp. (supra) and Sollar v Bloom (supra); but, it said no more. Whether nevertheless the defect was remediable was not addressed, perhaps, because it was raised for the first time on appeal and at a time when remedy would be ineffectual. Besides, it was an example of the most extreme abuse of the amendment to section 721 of the Real Property Actions and Proceedings Law, being clearly the proceeding of the attorney as a party petitioner.

Whether the Petition Defect is Remediable by Amendment.

In determining whether a defect in a petition may be amended or be the subject of waiver or estoppel, or, on the other hand, be vulnerable to attack for want of subject matter jurisdiction, the preliminary question is whether the court has jurisdiction over this type of case, not whether it has jurisdiction over the particular case. In a learned discussion of this issue, in McClelland v Robinson (94 Misc 2d 312, 314-315, supra), citing Matter of Rougeron (17 NY2d 264, 271), Judge Seymour Schwartz concluded: "Judged by this standard this court had jurisdiction over this type of landlord-tenant proceeding. The petition gave fair notice of the interest of the parties, the type of proceeding, the relief sought and there was *634 a fair trial. Tenants waived any defense of lack of subject-matter jurisdiction by proceeding to trial and failing to raise the issue until after the court made its decision.”
Earlier in that case, Judge Schwartz had observed (p 313): "[W]hat defects in a petition are serious enough to result in a jurisdictional bar denying the court subject-matter jurisdiction in a statutory proceeding ordinarily requiring strict construction continues to be troublesome. [This is because it] is at odds with the liberal attitude encouraged by CPLR 104, 2001, 2101 (subd [f]), 3025 and 3026 which generally provide for correction of defects if a substantial right of a party is not prejudiced.”
The tendency to regard curable defects as jurisdictional was scored in Jackson v New York City Housing Auth. (88 Misc 2d 121, 122) wherein the Appellate Term, First Department, said: "Once again we call the attention of the bar to the loose usage of ther terms 'jursidictional defect’ or 'jurisdictionally defective’ in summary proceedings. Where, as here, the Civil Court has jurisdiction of the subject of the proceedings under article 7 of the Real Property Actions and Procedings Law and jurisdiction of the person of the respondent has been obtained as provided by law, the proceeding is not 'jurisdictionally defective’ (Rosgro Realty Co. v Braynen, 70 Misc 2d 808, affd sub nom. Grosfeld v Braynen, 41 AD2d 605; Caton Park Assoc, v Mahoney, NYLJ, May 11, 1976, p 8, col 3). A pettion in a summary proceeding is no different than a pleading in any other type of civil case. A petition which may fail to state facts sufficient to consitute a cause of action or contains other pleading infirmities is capable of correction by amendment. Such a petition does not render the proceeding jurisdictionally defective. To the extent that our decision is in Cal Cal Realty Corp. v Taylor (67 Misc 2d 903) may be read to the contrary, it is no longer followed.”
Examining the notice of petition and the petition as a whole, the defect here shrinks into insignificance. Although the petition commences with the statement that it is the petition of Marvin Bass, it is clear that it is really the petition of the corporation, by Marvin Bass, as its secretary. Any reference to Marvin Bass as attorney in the opening sentence is surplusage because Marvin Bass was both secretary of the corporation and its attorney. The petitioner here is the corporation which being a legal entity is not a person. The person who speaks and acts for the corporation is Marvin Bass, as its *635 secretary. And, the judgment here has already been entered in the name of the corporation. The alleged defect in the opening sentence of the petition is so minor as to have even escaped the notice of the court when the judgment was signed and the attention of the clerk when it was entered. There is no claim here of confusion, prejudice or deception, nor is any apparent to the court. (Gamliali v Tower of David, 94 Misc 2d 763, supra.) In proposing the amendments to sections 721 and 741 of the Real Property Actions and Proceedings Law the statutory objective was to eliminate attorneys and agents as parties in favor of the party who was entitled to possession or the rent. It was considered unrealistic, before enactment of the amendments, to assert a counterclaim against an attorney or an agent who had no real knowledge of the merits of the relationship. The express objective of the amendments was to eliminate the confusion illustrated in Fitzgerald v Washington (80 Misc 2d 861); Heritage Realty Corp. v Heard (77 Misc 2d 72); 300 West Realty Co. v Wood (69 Misc 2d 582); and, 46 Downing St. Corp. v Loren (67 Misc 2d 737). (See Legislative Memorandum in support of Assembly Bill No. 5427 and Senate Bill No. 3881; Memorandum of the Executive Director of the Law Revision Commission Relating to Assembly Bill No. 5427-A; Legislative Report No. 121-A of the New York State Bar Association Relating to Assembly Bill No. 5427-A and Senate Bill No. 3881-A — all being reports of the 1977 Legislative Session). Clearly, the legislative objectives of the amendments are not offended in this proceeding by the present form of the judgment in the name of the corporation, or by perfecting that form by remedying the opening sentence of the petition to substitute the name of the corporate petitioner in the place and stead of Marvin Bass, the corporation’s secretary. In the opinion of this court, the defect is not jurisdictional. Accordingly, this court, sua sponte, hereby amends the petition to read: "The Petition of Katonah Real-ties, Inc.” in place of "The Petition of Marvin A. Bass”; and to delete the word "attorney” in paragraph (1) of the petition, and replace it with the word "owner”.

The Form of the Jurisdictional Attack.

But, there is another reason why the defect must not be permitted to void the judgment herein. In H & R Bernstein v Garnett (NYLJ, Oct. 31, 1978, p 4, col 1) the Appellate Term, First Department, held that where a tenant files an oral *636 answer, it is an appearance in the proceeding, and "CPLR 320 (b) provides that an appearance made in which there is no objection to jurisdiction confers personal jurisdiction over the party.” That court stressed that the tenant’s belated attack upon jurisdiction "was essentially ineffectual in view of the tenant’s prior appearance.” It is equally so here. Tenants appeared in this action when they filed their oral answer. They did not raise any issue in that oral answer relating to the insufficiency of the petition as violative of sections 721 and 741 of the Real Property Actions and Proceedings Law, as amended, nor did they subsequently amend their oral answer to raise any such issue. The raising of such an issue so late in this proceeding by way of a motion, and by a tenant who has flouted prior orders of this court, should not merit the favorable exercise of this court’s discretion. Under all of the circumstances of this proceeding, and in light of this court’s mission under section 110 of the CCA, such defect must be deemed to have been waived.

Excusable Default and Meritorious Demonstration.

On his motion to reargue, landlord demonstrated excusable default and a meritorious cause of action. On their motion to vacate and restore, tenants failed to demonstrate excusable default and a meritorious defense. (See New York City Housing Auth. v Torres, 61 AD2d 681.)

Conclusion.

Landlord’s motion is granted on reargument; and tenants’ motion to vacate the judgment against them and have the proceeding restored to the Trial Calendar is denied and all stays are vacated.