OPINION OF THE COURT
Herman Cahn, J.
Respondent tenant City of New York moves to dismiss the petition on the ground that petitioner has failed to comply with the requirements of subdivision 1 of section 741 of the Real Property Actions and Proceedings Law (RPAPL). Specifi *17 cally it is claimed that the petition failed to state "the interest of the petitioner in the premises”.
The petition alleges that the petitioner was the "owner and landlord of the premises”. It fails to disclose, however, the existence of a recorded assignment dated August 1, 1973, made by petitioner to the National Bank of North America. By virtue of said assignment entitled "Assignment of Lessor’s Interest in Leases”, petitioner assigned many of its rights under the leases it had in the premises including its rights under the lease at bar. Petitioner relinquished its right to bring a summary proceeding for the nonpayment of rent in its own or the bank’s name without the prior written consent of the bank, and agreed not to bring any action at law for the recovery of rent in its own name as a principal. Essentially, petitioner merely retained a limited license to collect rents on behalf of the bank.
A summary proceeding is a creature of statute and there must be strict adherence to the statutory requirements. (300 West Realty v Wood, 69 Misc 2d 580.) Failure to fully comply with the provisions of subdivision 1 of section 741 of the RPAPL is a jurisdictional defect. (1550 Broadway Assoc. v ElPine Drinks, 96 Misc 2d 707.)
Although there is no question that petitioner must state its interest in the premises, (RPAPL, § 741, subd 1), there are no modern cases which particularly and specifically address the question of what allegations are sufficient to satisfy this requirement. Movant argues that in the circumstances which here exist, the description, "landlord and owner” does not sufficiently comply with the statutory requirements. The court agrees.
The assignment executed by petitioner divests it of many of its rights in the property and limits the way it can enter into agreements, with its tenants. If the said assignment was not a recorded document, respondent would not be affected by it in the absence of actual knowledge. (Real Property Law, § 291; Matter of Mavromatis, 70 Misc 2d 55; Eltman v Harvey, 93 Misc 2d 634.) That is, if respondent entered into any agreements or stipulation with petitioner, the assignee would not be heard in a claim against respondent. Any claim of failure to comply with the terms of the assignment would be solely a matter between petitioner and the assignee, and the assignment would not have to be recited in the petition.
But the assignment, here, is recorded. Therefore respondent *18 is on notice as to its terms, and if it deals with petitioner in breach of those terms, it does so at its peril. The assignment is thus an important and relevant document to respondent, since it limits the parties with whom it can negotiate, and to whom it can pay rent. Therefore, it is an important element of the interest of petitioner in the premises. To omit all reference to it in the petition, is a defect requiring dismissal of the petition as a matter of law.
The motion is granted, and the petition is dismissed. In the exercise of discretion, petitioner is granted 10 days from the date hereof, to serve and file an amended petition, if it be so advised.