OPINION OF THE COURT

Per Curiam.

Order entered November 17, 1977 is reversed, with $10 costs; the final judgment entered by default on August 5, 1977 is vacated and the petition is dismissed.
The court below refused to consider the circumstances surrounding the default that resulted in a judgment of *56 possession and the execution of a warrant of eviction, upon the ground that it lacked jurisdiction to do so after execution of the warrant.
The cases and the statutes make it abundantly clear that even after execution of the warrant of eviction, the Civil Court retains jurisdiction, in appropriate circumstances, to grant relief from its own judgments or orders (Iltit Assoc, v Sterner, 63 AD2d 600, 601; Third City Corp. v Lee, 41 AD2d 611; Papp v Maffei, 64 Misc 2d 739; CPLR 5015; CCA, § 212). This court has recently and repeatedly held that “[tjhere is no doubt of the right and power of this Court to restore a wrongfully removed tenant to possession of a premises, even after the execution of a warrant, under proper circumstances” (Teachers Coll, v Dzubey, NYLJ, Dec. 20, 1979, p 10, cols 2, 3, lv to opp to App Div den by App Div, NYLJ, April 10, 1980, p 6, col 6; Solack Estates v Goodman, 102 Misc 2d 504; Nelson v Kaufman, NYLJ, Nov. 24, 1978, p 12, col 1; see, also, JAR Mgt. Corp. v Foster, 99 Misc 2d 315, and cases cited). This court is empowered to grant the judgment which the Civil Court should have granted (Traubner v Alben Motor Corp., 40 AD2d 775, 776; CPLR 5522; and see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C5522:l, pp 222, 223).
The tenant contends that his default was excusable and that he has a meritorious defense to the proceeding. He denies receipt of either the nailed or the mailed notice. His attorney has affirmed that he had advised his client to notify him as soon as he received any “Notice of Petition and Petition”. Nevertheless, the tenant who had sought legal help as soon as he was served with the original 10-day notice never notified the attorney of the receipt of the petition, etc. The record contains a bare affidavit by a process server. There was no personal service of the petition. There is no indication that the process server had used due diligence before resorting to conspicuous service. Under these circumstances, the money judgment for rent was a nullity (1405 Realty Corp. v Napier, 68 Misc 2d 793, 795; 3 Rasch, New York Landlord and Tenant, Summary Proceedings [2d ed], § 1358).
*57 Furthermore, there is no postal receipt for certified mail attached, although the landlord did submit such a receipt in connection with the 30-day notice. The tenant, under these circumstances, has raised serious questions as to whether service of process was sufficient to secure jurisdiction over him for the purposes of entering a judgment of possession in favor of the landlord.
The tenant has also established meritorious defenses to this summary proceeding and that the judgment entered on default was patently defective. Chapter 247 of the Laws of 1977, effective July 1,1977, repealed former RPAPL 721 (subd 8), which had theretofore authorized an attorney to bring a summary proceeding. This proceeding is titled, “Geraldine Oppenheimer as attorney for Jaimar Associates”, and is dated July 26, 1977. Even prior to the 1977 revision, it had been held that a proceeding brought by an improper person “is a nullity” (300 West Realty Co. v Wood, 69 Misc 2d 580, 582, affd 69 Misc 2d 582). Since July 1, 1977, the Civil Courts have almost uniformly held that where an attorney has brought the summary proceeding, the petition is jurisdictionally defective, dismissal is required and the defect is not amendable (Zisser v Bronx Cigar Corp., 91 Misc 2d 1025; 1550 Broadway Assoc, v ElPine Drinks, 96 Misc 2d 707; Sollar v Bloom, 91 Misc 2d 884, 885; but see contrary finding where the petition was brought by the landlord through his attorney — Gamliali v Tower of David, 94 Misc 2d 763).
Furthermore, the tenant has paid his June 15,1977 rent by check. The landlord, in a letter dated June 22, 1977, stated it was rejecting that check. Nevertheless, the check was never returned. The July 15,1977 rent check was also paid on July 15, 1977. It was never rejected and was also cashed as was the August rent check. While the landlord had the right to accept rent after the commencement of the special holdover proceeding (RPAPL 711, subd 1) (July 26, 1977), the acceptance of the June 15, 1977 and July 15, 1977 checks before the inception of the holdover proceeding, with knowledge of the alleged breaches of the substantial obligations of the tenancy, indicates a waiver of those breaches fatal to the eventual proceeding (Hart v Mills, NYLJ, July 9, 1979, p 5, col 1, and cases cited therein).
*58 The tenant has submitted an affidavit denying that he ever refused access to the landlord. He swore “the present landlord simply never asked for access”.
Moreover, the money judgment for $6,236.16 predicated upon incomprehensible “colloquy” before the court is totally lacking in support: $576.08 was demanded; $6,236.16 was awarded. It should also be noted that the court below summarily decontrolled a rent-controlled apartment, accepted the landlord’s attorney’s uncorroborated and undocumented assertion as to the maximum base rent, and then awarded the difference to the landlord — and all this retroactively, going back 14 months. The attorney’s request for attorney’s fees as “special damages” was also granted, in the sum of $2,000, without proof of the reasonable value of the services and despite the fact that absent an agreement to pay those fees, they are not recoverable (City of Utica v Gold Medal Packing Corp., 54 Misc 2d 721; Klein v Sharp, 41 AD2d 926).
This court, however, may not put the tenant back into possession, despite his apparently excusable default, and despite his meritorious defenses. There is a new tenant in possession who has not been made a party to these proceedings (Papp v Maffei, 64 Misc 2d 739, supra; Third City Corp. v Lee, 41 AD2d 611, supra). That tenancy dates back to September, 1977. As we noted in Teachers Coll. v Dzubey (NYLJ, Dec. 20,1979, p 10, cols 2,3, supra): “In the context of this accomplished fact, we may not restore the tenant to possession and the tenant is perforce relegated to an action for damage for wrongful eviction.”
Concur: Dudley, P. J., Riccobono and Asen, JJ.