OPINION OF THE COURT
M. Arthur Eiberson, J.
In response to a petition seeking to recover possession of real property and for a judgment for rent arrears, respondent moves to dismiss the petition.
The motion to dismiss the petition is denied.
*1077 The respondent’s motion is based upon the fact that it is alleged that the petition is brought in the name of an agent and not the owner and/or landlord, a party designated pursuant to RPAPL 721 as one who may maintain a proceeding to recover the possession of real property.
Prior to 1977 and pursuant to RPAPL 721 (8) (as it then existed) an agent or attorney was authorized to maintain a proceeding to recover possession of real property. The 1977 amendment to the statute deleted subdivision (8) as it then existed and thereby prohibited agents from maintaining the proceedings in their own names, and effectively allowed only an owner or landlord and certain other enumerated parties, but not agents or attorneys, to maintain an action in their own names. Respondent cites Gamliali v Tower of David (94 Misc 2d 763) in addition to other cases to support her position that since this proceeding is brought in the name of an agent, it is defective as not authorized by statute, and the petition should be dismissed.
However, under the facts of this case, the court disagrees. The caption of the petition and notice of petition indicate William Rhodes, acknowledgedly, is the owner and landlord of the premises and a party authorized to maintain a proceeding to recover possession of real property. The body of the petition, however, is a different matter; it reads as follows: "Anthony Rhodes, agent of William Rhodes” and is signed by Anthony Rhodes.
One of the cases cited by counsel for respondent and previously mentioned by the court, Gamliali v Tower of David (94 Misc 2d 763, 764, supra), states as follows: "[Former] [subdivision 8 of section 721 of the Real Property Actions and Proceedings Law [which permitted an attorney or other specified representative of the landlord to bring an eviction proceeding] was repealed because it resulted in confused judgments which did not name the real party in interest and because the interposition of counterclaims was cumbersome [citations omitted].”
Here, the evil sought to be guarded against by the 1977 amendment is not present. The owner and landlord William Rhodes, the party in interest, is clearly identified as such. The real problem here is perhaps an inversion occurring in draftsmanship. It is clear that if the petition read, "The petition of William Rhodes by Anthony Rhodes, his agent” there would be no problem. The court does not believe such an apparently *1078 inadvertent inversion of language should be the basis of dismissing the petition, so long as it is clear, as it is here, that the petitioner is William Rhodes, a party authorized to maintain the proceeding. To decide otherwise in this case, on the particular facts here present, would glorify form over substance.