OPINION OF THE COURT
Marsha L. Steinhardt, J.
This is a motion brought on by the respondent for an order dismissing the petition. Petitioner and respondent entered into a written lease agreement on or about April 1, 1988, which, according to its terms was a "month to month net lease commencing on the first day of April, 1988 and ending the 30th day of April, 1988”. A rider provided that said lease "shall automatically be renewed for a further monthly period, unless and until either party gives at least one calendar month’s notice of termination.” On or about September 26, 1991, respondent was served with a 30-day notice and sometime thereafter a holdover proceeding was commenced in this court. This proceeding was ultimately consolidated with a Supreme Court action previously commenced by respondents, herein, seeking injunctive and other relief. The order, dated October 2, 1992, granting consolidation further provided for payment, by respondent, of "full use and occupancy” during the pendency of the action. Thereafter, and more particularly in August 1993, petitioner served respondent with a notice to cure for violations issued against the premises. On or about March 7, 1994, a notice of termination was served upon respondent. The notice alleged tenant’s failure to cure the defect as set forth in the aforementioned notice to cure. The notice to terminate stated that the tenant must vacate the premises on or before March 21, 1994. On or about March 28, 1994, petitioner filed the notice of petition and petition which forms the subject matter of the instant motion. A check, dated March 1, 1994, for use and occupancy for the month of March was tendered by respondent and accepted by petitioner.
It is respondent’s contention that acceptance by petitioner of the March 1994 payment with a failure to fix the termination date set forth in the notice to terminate at the end of March renders this court without jurisdiction over this matter. Petitioner, on the other hand, contends that respondent herein is not a month-to-month tenant and that payment of use and occupancy was made solely by virtue of the above-mentioned Supreme Court order. Thus, respondent is not entitled to the same rights and remedies as that of a "rent paying” tenant. "The law is well settled that a landlord who *1033 accepts rent during the period after the effective date of the notice of termination and before the commencement of a holdover proceeding waives his or her right to evict the tenant based on the grounds as stated in the notice of termination.” (Shulen Realty Corp. v R & R House of Lites, NYLJ, May 1, 1989, at 25, col 2 [citations omitted].)
After commencement of a holdover proceeding a landlord may accept rent. (RPAPL 711 [1].) Acceptance by landlord of rent for April and months thereafter occurred after the commencement of the instant proceeding, and is permitted by statute. The sole issue presented herein is whether acceptance by petitioner of use and occupancy, paid pursuant to court order, for the period covering March 21 to March 31 vitiated the notice of termination as a matter of law. "At common law, [rent] referred to compensation or return of value given at stated times for the possession of lands and tenements corporeal. A sum of money or other consideration, issuing yearly out of lands and tenements corporeal * * * 2 Bl.Comm. 41. In re Perlmutter’s Will, 156 Misc. 571, 282 N.Y.S. 282.” (Black’s Law Dictionary 1297 [6th ed 1990].) Rent is also defined as "[consideration paid for use or occupation of property.” (Black’s Law Dictionary, op. cit.) It is this court’s opinion, that in the matter before it, no distinction can be drawn between monies accepted as "rent” or "use and occupancy”. Payment by tenant for the month of March 1994 entitled it to enjoyment of the premises for the entire month. (See, New York City Hous. Auth. v Padmore, 140 Misc 2d 912 [Civ Ct, NY County 1988]; Manhattan Ave. Assocs. v Butler, NYLJ, Oct. 12, 1990, at 21, col 3 [App Term, 2d Dept].) "While the landlord ha[s] the right to accept rent after the commencement of the special holdover proceeding (RPAPL 711, subd 1) * * * the acceptance of [rent] checks before the inception of the holdover proceeding, with knowledge of the alleged breaches of the substantial obligations of the tenancy, indicates a waiver of those breaches fatal to the eventual proceeding.” (Oppenheim v Spike, 107 Misc 2d 55, 56 [App Term, 1st Dept 1980] [citations omitted].)
Motion by respondent to dismiss the petition is granted. Acceptance by petitioner, on March 1, of payment for use and occupation of the subject premises for the entire month, including the "window period” between the notice of termination and commencement of these proceedings has divested this court of subject matter jurisdiction. The petition is dismissed *1034 without prejudice to commence a subsequent proceeding. (See, Melnick v Melnick, NYLJ, Oct. 6, 1986, at 7, col 2 [App Term, 1st Dept].)
The other issues raised by respondent in its moving papers are rendered moot by the above decision.