NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PAN AM EQUITIES, INC., as Managing Agent for New York Plaza
Residential, L.L.C., a New York limited liability company,
*Plaintiff/Appellant/Cross-Appellee*,

*v.*

PARESH GOEL; USHA K. NAGIN, *Defendants/Appellees/Cross-Appellants*.

No. 1 CA-CV 14-0753
FILED 3-15-2016

Appeal from the Superior Court in Maricopa County
No. CV2013-000035
The Honorable David O. Cunanan, Judge

**REVERSED AND REMANDED**

COUNSEL

Hammerman & Hultgren, P.C., Phoenix
By Stanley M. Hammerman, Allan R. Draper, Stephanie A. Webb
*Counsel for Plaintiff/Appellant/Cross-Appellee*

Cheifetz Iannitelli Marcolini, P.C., Phoenix
By Claudio E. Iannitelli, Jacob A. Kubert
*Counsel for Defendants/Appellees/Cross-Appellants*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

**W I N T H R O P**, Judge:

¶1        Pan American Equities, Inc. ("Pan Am") appeals the superior court's order granting summary judgment for Paresh Goel and Nasha Nagin ("the Goels"), and the Goels cross-appeal the superior court's award of attorneys' fees and costs in an amount less than originally requested. For the following reasons, we reverse the entry of summary judgment and remand for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

¶2        The Goels entered a residential lease with Pan Am for an apartment in Manhattan, New York, for $3100 a month. The term of that lease ran from August 2010 through September 2011. In January 2011, however, the Goels found employment in Arizona and notified Pan Am of their intent to terminate the lease early. Pan Am offered an early termination of the lease obligation in exchange for payment of $12,400. The Goels did not accept the offer and, without Pan Am's approval as required by the lease, found two persons to sublease the apartment. The Goels provided Pan Am with two weeks' notice that they would vacate the premises and that the subleasees would move in the same day. On that day, Pan Am refused to grant the subleasees entry to the apartment building; the apartment was left vacant for the remaining duration of the lease.

¶3        In May 2011, Pan Am filed a Notice of Petition and Petition with the New York City Housing Court—part of the Civil Court of the New York City (the "Civil Court")—to recover possession of the apartment and the back rent owing as of the time of the filing. The Goels were not served personally; instead, the process server utilized a permissible form of alternative service, and affixed the Notice of Petition and Petition to the apartment door and mailed copies to the Goels. The Goels did not file an answer or otherwise defend; accordingly, Pan Am filed a notice with the court and requested entry of a default judgment, waiving its right to "additional" back rent "without prejudice." Using a standard court form,

the Civil Court entered judgment for Pan Am, granting Pan Am possession of the apartment and filling "$0.0" in the blank on the form for the amount of money damages ("New York Judgment").

¶4        In 2012, Pan Am initiated this action in Arizona to recover the rent owing for the balance of the lease term, including the back rent owed at the time of the New York Judgment.  The Goels moved for summary judgment, arguing Pan Am's complaint was barred by the New York Judgment under principles of comity and the doctrine of claim preclusion and, alternatively, on the basis that Pan Am had failed to mitigate its damages.  The superior court granted the motion, and entered a final judgment that also awarded the Goels their costs and a portion of their requested attorneys' fees.

¶5        Pan Am timely appealed; the Goels timely cross-appealed. We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9; and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 12-2101(A)(1).[1]

**ANALYSIS**

I.        *Summary Judgment*

¶6        On appeal, Pan Am argues the superior court erred in granting summary judgment for the Goels because there is a genuine issue of material fact as to whether the New York court had adjudicated the claim of back rent damages, and as to whether Pan Am owed any duty to mitigate after the Goels' breach of the lease.

¶7        We review a trial court's grant of summary judgment on the basis of the record made in the trial court, but determine *de novo* whether the entry of summary judgment was proper.  *Modular Mining Sys., Inc. v. Jigsaw Techs., Inc.*, 221 Ariz. 515, 518, ¶ 9, 212 P.3d 853, 856 (App. 2009).  In determining whether the entry was proper, we apply the same standard the trial court uses in ruling on a summary judgment motion.  *Id.*  "The court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a); *accord Orme School v. Reeves*, 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990).  We review a trial court's decision whether to recognize the validity of another state's

---

[1]        We cite the current version of all applicable statutes unless revisions material to this decision have occurred since the relevant events.

judgment for an abuse of discretion. *Oyakawa v. Gillett*, 175 Ariz. 226, 229, 854 P.2d 1212, 1215 (App. 1993) (stating judgment by a sister state is presumed valid).

¶8　　　　We start our analysis by noting the following facts and reasonable inferences from those facts:  Pan Am chose to file suit in the Civil Court, and chose in that action to not only seek recovery of possession of the leased premises, but also to recover back rent owed by the Goels.  The record does not contain any information to suggest that Pan Am or its duly appointed agent did not choose its mode of service of process, i.e., the "conspicuous-place" service identified above.  Pan Am notified the court of the Goels' failure to timely respond, and affirmatively asked that the Civil Court enter a judgment by default.  By inference, that request asked the court to enter judgment in favor of Pan Am on all of the claims asserted and to award the relief requested in its complaint.  The notice that counsel for Pan Am filed with the court did indicate it was waiving the right to seek "additional" back rent "without prejudice."  Pan Am could have provided a form of judgment along with its request, but there is no indication in the record that it did so.  The court's judgment, on its face, not only awarded possession, but also resolved the money damages claim in the complaint by entering the amount of "$0.0."  There is nothing in the record to indicate that Pan Am did not receive a copy of the court's signed judgment shortly after it was entered.  Yet Pan Am did not notify the court of any purported error or seek to modify the judgment to substitute language indicating that the court was not resolving or could not resolve the back rent damages claim without personal service on the Goels.  Similarly, Pan Am could have appealed the Civil Court's entry of $0.0 as damages and argued to the New York appellate court that the Civil Court's entry of $0.0 as damages was improper as a matter of law, or not supported by the record, but did not do so.

¶9　　　　Pan Am now contends New York procedural law does not allow the Civil Court to do what Pan Am explicitly asked that court to do, i.e., awarding money damages against defendants who received alternative service of a complaint.  Pan Am argues, therefore, that the Civil Court lacked jurisdiction to enter the zero damage award and, accordingly, claim preclusion does not apply.  The Goels contend that the procedural and case law in New York is inconsistent at best, that the better reasoned New York cases indicate that the Civil Court did have authority and jurisdiction to consider and resolve the money damages claim and, having done so, that court's final judgment is entitled to not only full faith and credit in Arizona, but also constitutes the type of adjudication that triggers claim preclusion.

4

¶10      The Arizona superior court agreed with the Goels, and we agree to a point.  Pan Am controlled the nature and manner in which it sought affirmative relief in the Civil Court.  It chose to include a damages claim for the two months' back rent then owing.  It affirmatively asked the Civil Court to enter judgment on all claims, including the damages claim.  And, it received a judgment on its damages claim.  It chose not to directly challenge the award it received; instead, Pan Am now seeks to collaterally attack the validity of the New York judgment.  If Pan Am was unhappy with that judgment amount, or believed that court did not have jurisdiction to consider the issue, it had a remedy by appeal.

¶11      With these facts, and on this record, we will not attempt to parse and harmonize arguably conflicting decisions from the various New York appellate courts arising out of eviction actions.  Suffice to say, the following New York decisions support the procedure of considering and awarding money damages where the manner of service on the absent tenants is merely "substituted" or "conspicuous-place" service rather than by personal delivery of the summons and complaint.[2]  *See* N.Y. Civil Practice Law and Rules ("CPLR") § 308 (permitting service of a natural person through alternative service, e.g., substituted service or duly diligent conspicuous-place service); RPAPL § 735 (permitting substituted or conspicuous-place service); *Avgush v. Berrahu*, 847 N.Y.S.2d 343, 347 (N.Y. App. Term [9th & 10th Dists., 2nd Dept.] 2007) (holding the court has jurisdiction to enter judgment on rent owing against a tenant if the tenant was served with substituted service or duly diligent conspicuous-place service, although the tenant was not personally served); *Dolan*, 753 N.Y.S.2d at 703 (holding alternative service, such as substituted or duly diligent conspicuous-place service, also confers personal jurisdiction to the court to enter judgment on rent owing against a tenant even if the tenant was not personally served because such alternative service meets the statutory

_____

[2]      "Substituted" service, or "leave and mail," consists of a process server's delivering the Notice of Petition and Petition to a person of suitable age and discretion who resides or is employed at the property sought to be recovered, and afterwards mailing copies of the petition to the respondent of the petition.  Real Property Actions and Proceedings Law ("RPAPL") § 735(1); *Dolan v. Linnen*, 753 N.Y.S.2d 682, 684–85 (N.Y. Civ. Ct. [2nd Dist., 2nd Dept.] 2003).  "Conspicuous-place" service, or "nail and mail," is effected when a process server affixes a copy of the Notice of Petition and Petition on a conspicuous part of the property sought to be recovered or places a copy under the entrance door of such premises, and afterwards mails copies of the petition to the respondent.  RPAPL § 735(1); *Dolan*, 753 N.Y.S.2d at 684.

requirements on personal service under CPLR § 308); *cf. In re McDonald*, 233 N.Y.S. 368 (N.Y. App. Div. [4th Dept.] 1929); *but see also Oppenheim v. Spike*, 437 N.Y.S.2d 826, 828 (N.Y. App. Term [1st Dept.] 1980) (finding the judgment on rent arrears against the tenant a nullity because the tenant was not personally served, *or served by substituted or conspicuous-place service*).

¶12     Applying this law, the Civil Court did, in fact, have the authority to consider and resolve the damages claim raised in the complaint even where service of process on the defendants was effected by substituted or conspicuous-place service. The trial court in Arizona was well within its discretion in recognizing the validity of the New York Judgment and in determining as a matter of law that Pan Am's claim for the back rent as detailed in its complaint was precluded by the valid and final judgment entered by the Civil Court.

¶13     This analysis does not resolve the rental obligation remaining under the lease and those damages not alleged or requested in the New York complaint. In order for claim preclusion to apply, the claim needs to have been adjudicated or capable of being adjudicated in the earlier action. *Peterson v. Newton*, 232 Ariz. 593, 595, ¶ 5, 307 P.3d 1020, 1022 (App. 2013). Here, the Goels conceded at oral argument that only the two months' of back rent owing at the time the complaint was filed, was actually adjudicated by the New York court in its judgment. The five months' rental obligation remaining under the lease was not adjudicated by the judgment, and therefore is not entitled to claim preclusion.

¶14     On remand, the issues to be resolved are Pan Am's entitlement to collect those five months' arrears, plus reasonable costs of suit, and whether the Goels' affirmative defense that Pan Am failed to mitigate its damages should serve to eliminate or reduce any sum owing.

> II.     *The Goels' Cross-Appeal on Attorneys' Fees*

¶15     The Goels contend the trial court abused its discretion in not awarding all the attorneys' fees requested below. In light of our decision on the merits of the appeal, we vacate the attorneys' fees award entered by the trial court, without prejudice to the trial court reconsidering any such fee award once a ruling has been made on the merits of Pan Am's back rent damages claim.

> III.     *Fee Requests on Appeal*

¶16     Both parties request an award of fees on appeal. In the exercise of our discretion, we deny each party's request, without prejudice

to the trial court considering and including fees incurred on appeal in any fee award it ultimately enters relative to the merits. Subject to compliance with Rule 21, ARCAP, we award Pan Am its reasonable costs incurred on appeal.

## CONCLUSION

**¶17**        The superior court's ruling granting summary judgment for the Goels is reversed, and this matter remanded for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: ama