Sebco Housing Development Fund Company, Inc., Petitioner-Landlord-Appellant,
against
Roman Henry Acosta, Respondent-Tenant-Respondent, and "John Doe" and "Jane Doe," Respondents-Undertenants.




Landlord appeals from an order of the Civil Court of the City of New York, Bronx County (Elizabeth J. Yalin Tao, J.), dated April 8, 2019, which granted tenant's motion to dismiss the petition in a holdover summary proceeding.




Per Curiam.
Order (Elizabeth J. Yalin Tao, J.), dated April 8, 2019, reversed, with $10 costs, tenant's motion denied, petition reinstated and the matter remanded to Civil Court for further proceedings.
Tenant's CPLR 3211 motion to dismiss this nuisance holdover proceeding should have been denied. Tenant failed to establish as a matter of law that landlord intended to relinquish its right to maintain this proceeding (see Sullivan v Brevard Assoc., 66 NY2d 489, 495 [1985]), when it accepted two DSS rent checks. The record establishes that this proceeding was commenced on August 6, 2018 (see CCA 400), following service of a predicate notice terminating the tenancy on July 31, 2018. Inasmuch as landlord had the right to accept rent after commencement of the proceeding (see RPAPL 711[1]), its acceptance of a DSS rent check dated August 10, 2018, did not constitute any waiver (see Oppenheim v Spike, 107 Misc 2d 55, 57 [1980]). Likewise, landlord's acceptance of a DSS rent check on July 27, 2018, prior to the July 31, 2018 lease termination date, did not constitute a waiver (see Ringler & Co. v Schmelzeisen, 123 Misc 394 [1924]). Even assuming in tenant's favor that landlord accepted rent during the window period, a waiver was not conclusively established on this record, since the two DSS rent checks were paid to a bank lockbox (see Matter of Georgetown Unsold Shares, LLC v Ledet, 130 AD3d 99 [2015], appeal dismissed 26 NY3d 1141 [2016]; Scarborough Manor Owners Corp. v [*2]Robson, 57 Misc 3d 24, 27 [App Term, 2nd Dept, 9th & 10th Jud Dists 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 19, 2020