(31 Misc. Rep. 475.)

### GOODNOW v. POPE.

(Supreme Court, Appellate Term. May 1, 1900.)

1. LANDLORD AND TENANT—SURRENDER OF PREMISES TO MORTGAGEE—EVICTION.
    Where an executor leased flat apartments, and thereafter gave up possession of the property to the mortgagee, and assigned the rent due under the lease to her, the relation of landlord and tenant existed between the mortgagee and tenant, and the mortgagee was entitled to institute summary proceedings for nonpayment of rent in arrears.

2. SAME—LANDLORD'S RIGHTS—ESTOPPEL OF TENANT.
    Where an executor leased flat apartments to defendant, and thereafter surrendered possession to the mortgagee, and assigned the rent due under the lease, the tenant could not object that the consent of third parties was necessary to authorize the mortgagee to take possession of the property, since, having recognized the executor as his landlord, he could not dispute his right to surrender possession.

Appeal from municipal court, borough of Manhattan, Tenth district.

Summary proceedings by Elizabeth L. Goodnow against Charles M. Pope to recover possession of leased premises for rent in arrears. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Bullowa & Bullowa, for appellant.

William H. Stockwell (Edward B. Whitney, of counsel), for respondent.

PER CURIAM. Rachel McAuley was in her lifetime the owner of an apartment house in this city, and mortgaged it to one Winsten H. Hagan, who assigned the mortgage to Elizabeth L. Goodnow. Rachel McAuley afterwards died, leaving a will wherein Hagan was appointed sole executor. What the will provided, or what powers it conferred upon the executor respecting the real estate, does not appear, except that Mr. Hagan testified, without objection, that the will gave him general power to make leases. He did in October, 1898, lease two apartments to the above-named tenant, who at the time of the commencement of these proceedings was in default for the rent due from July 1, 1899, to January 31, 1900.

On September 29, 1899, Mrs. Goodnow, with the consent of Hagan, went into possession of the property, as mortgagee in possession, and a day or so afterwards Hagan assigned to her the unpaid rents due from Pope from July 1, 1899, to the date of her assumption of possession under her mortgage. As between Hagan and Pope, the relation of landlord and tenant undoubtedly existed, and consequently Pope cannot question either Hagan's right to receive the rents, or his right to assign those which remained unpaid at the time he made the assignment to Mrs. Goodnow. The only question really involved is whether a mortgagee in possession, Mrs. Goodnow, had the right to institute summary proceedings for the nonpayment of rent; for it is conceded that, to justify the pursuit of this remedy, the conventional relation of landlord and tenant must exist. That relation does exist, however, whenever the landlord of an existing lease transfers, or the law transfers for him, all his rights of possession under the lease, with the resultant right of collecting and enforcing collection of the rents. Thus, if a landlord make a deed of the property subject to the lease, the relation of landlord and tenant at once arises between the grantee and the tenant, or, if a receiver is appointed under the clause in the mortgage providing for that remedy, the receiver assumes the conventional relation of landlord sufficiently to enable him to enforce payment of the rent by summary proceedings. A mortgagee who has gone into possession of the mortgaged premises, with the consent of the landlord, occupies towards the tenant the same relation that such a receiver would occupy. He is entitled to collect the rents and profits in the quasi character of trustee or bailiff of the mortgagor. Hubbell v. Moulson, 53 N. Y. 225. He is entitled to compel the lessee to pay all subsequently accruing rent, as well as rent due at the time of taking possession which had accrued since the making of the mortgage. 1 Washb. Real Prop. 531, 532. Indeed, the very situation of a mortgagee in possession carries with it, by necessary implication, not only the right, but the duty, of collecting the rents, and using for that purpose the processes provided by law. He must in time account to the mortgagor for all rents received, as so much paid on account of the mortgage debt, and upon such an accounting may be charged with the rents and profits he might have collected, if his failure to recover them can be attributed to his willful neglect. Hubbell v. Moulson, supra. Mrs. Goodnow, as mortgagee in possession, was entitled to institute these proceedings. So long as Hagan, Pope's landlord, consented to her going into possession, it does not lie in the tenant's mouth to raise the question as to whether any other consent was necessary.

We find no errors in the record which call for a reversal of the final order appealed from, and it is therefore affirmed, with costs.