THE EMIGRANT INDUSTRIAL SAVINGS BANK, Landlord, *v.* NORTH AMERICAN RADIO CORPORATION, Tenant.

Municipal Court of New York, Borough of Manhattan, Third District, July 1, 1931.

*R. & E. J. O'Gorman* [*William O. Gennert* and *Henry B. Hammond* of counsel], for the landlord.

*Samuel D. Cohen*, for the tenant.

LAUER, J.  This is a proceeding brought by the Emigrant Industrial Savings Bank to recover possession of the premises from the North American Radio Corporation as tenant because of the non-payment of $1,750 rent.  The tenant concedes the amount of rent due under its lease except that it claims an offset to it for the amount of the deposit made with the 1845 Broadway, Inc., as security under the lease.  It is conceded that on or prior to January 1, 1931, when the 1845 Broadway, Inc., was insolvent, that corporation converted the deposit made by the tenant as security.

The primary question which requires consideration is the right of the Emigrant Industrial Savings Bank to maintain this proceeding as landlord.

It appears that the Emigrant Industrial Savings Bank is the mortgagee of the premises No. 1845 Broadway of which the 1845 Broadway, Inc., was the mortgagor and that in the mortgage was contained the usual clause that in the event of default in payment of principal or interest, the rents and profits " are hereby assigned to the holder of said mortgage as further security for the payment of said indebtedness."  The savings bank, however, did nothing actually to take possession of the premises or to assert its right to the rents unless, perhaps, the agreement of January 13, 1931, which is in evidence, may be regarded in that light.  In that agreement the owner of the property 1845 Broadway, Inc., was the party of the first part, the Emigrant Industrial Savings Bank, the landlord in this proceeding, the party of the second part, and one Thomas J. O'Reilly, the party of the third part. By this agreement O'Reilly was vested by the 1845 Broadway, Inc., as agent of the said premises in the management, control

and administration of the property and he was required to apply the income received from the property first to the payment of all current expenses incident to the management, and second, to the payment of the " present indebtedness " for taxes and water charges and the mortgage interest and payments due for the amortization of principal. By the instrument O'Reilly accepted the agency, which was declared to be irrevocable. The agreement also provided that " as further security for the performance thereof, the party of the first part assigns to the party of the second part," that is, the owner assigns to the mortgagee, the present landlord, " all the rents, avails and incomes of said premises * * * on, from and after January 13, 1931," the date of the execution of the contract.

The savings bank maintains that this is in substance the equivalent of being placed in possession and that it must be regarded as a mortgagee in possession or, at any rate, as an assignee of the rents. It is to be noted, however, that the assignment of rents effected by this agreement cannot be regarded in much of a different light than the assignment contained in the original mortgage of the savings bank. According to the terms of the agreement, it was not a present actual assignment but only an assignment as further security for the performance of the agreement, and by that very self-same agreement O'Reilly was constituted by the owner, 1845 Broadway, Inc., as the agent to collect the rents. In other words, apparently for one reason or another, or for no reason at all, the agreement kept the owner in possession of the premises except so far as O'Reilly was constituted the agent not of the savings bank but of the owner in the management of the property and the application of moneys coming into his possession from such management.

As I see the facts I do not consider the savings bank is qualified to bring or maintain this proceeding. (*Sullivan* v. *Rosson*, 223 N. Y. 217; *148th Street Realty Company* v. *Conrad*, 125 Misc. 142.) It is claimed that these cases are inapplicable to the present situation. However, with this I do not agree. The case of *Sullivan* v. *Rosson* presents a somewhat different state of facts. The court, however, citing with approval the case of *Matter of Banner* (149 Fed. 936), after stating that the mortgage under consideration in that case contained a provision following the usual form, giving to the mortgagee a right to a receiver of the rents and profits in case of default, quotes from that decision as follows: " ' The form of words used in this mortgage operated merely as a pledge of the rents, to which the pledgee does not become entitled until he asserts his right and in some legal form endeavors to reduce the pledge

to possession.' " The form of the provision in the mortgage in that case was as follows: " ' Said rents and profits are hereby, in the event of any default or defaults in the payment of sai⁻ principal or interest, assigned to the holder of this mortgage.' " It will thus be observed that in substance it does not differ from the form of assignment under consideration in the case before me.

I do not regard the agreement of January 13, 1931, heretofore referred to, as putting the mortgagee in possession of the premises.

I hold, therefore, that the proceeding is not maintainable by the present landlord. I hold also that the rent, if any, would not be due to the present landlord but would be due to the owner under the agreement of January 13, 1931, and that, therefore, the present landlord, the savings bank, cannot recover the judgment for unpaid rent. It would have been an easy matter to have stated in the agreement that the savings bank was to be regarded as in possession by virtue of the agreement and that O'Reilly was to be regarded as the agent of the savings bank, but there is no word in the agreement to that effect.

Many questions of considerable nicety are presented in respect to the offset because of the conversion by the 1845 Broadway, Inc., of the security deposit of the tenant. It seems unnecessary for me to determine those questions in view of my holding in respect to the rights of the savings bank to maintain this proceeding.

It follows that the proceeding should be dismissed.