THE DIME SAVINGS BANK OF BROOKLYN, Landlord, *v.* CATHERINE FOX, Tenant.

Municipal Court of New York, Borough of Brooklyn, First District, March, 1933.

*Donald Lawson,* for the landlord.

*Kleiner & Britwitz* [*Joseph Kleiner* of counsel], for the tenant.

HAGGERTY, J. The Dime Savings Bank of Brooklyn, described in the petition in the instant proceeding as landlord, is the holder of a first mortgage covering premises 43 Fifth avenue, borough of Brooklyn, city of New York. The mortgage is duly recorded in the office of the register of Kings county and contains the following provision:

" 13. That the holder of this mortgage, in any action to foreclose it, shall be entitled (without notice and without regard to the adequacy of any security for the debt) to the appointment of a receiver of the rents and profits of said premises, and in the event

of any default in paying said principal or interest, such rents and profits are hereby assigned to the holder of said mortgage as further security for the payment of said indebtedness."

On or about February 18, 1933, a notice was served by the mortgagee personally upon various tenants of the premises concerned, which set forth that a default had been made under the terms of the mortgage, and that pursuant to the covenants and conditions contained in the mortgage, The Dime Savings Bank of Brooklyn " enters upon and takes possession of the said premises and directs you to pay all rents, issues and profits of the said premises due or overdule or to become due " to The Dime Savings Bank of Brooklyn. Thereafter and on or about February 20, 1933, a similar notice was sent to the mortgagor, 429–31 Bergen St., Inc., by registered mail. No response was received to such communication sent to the mortgagor, and on or about March 1, 1933, an agent of the mortgagee demanded payment from the tenant herein, on behalf of the mortgagee, of rental due for the occupancy of an apartment in the mortgaged premises. The tenant refused to pay the same and this proceeding was instituted by the mortgagee representing itself in the petition as the landlord.

It is the contention of the mortgagee that it procured possession of the premises described in the mortgage by reason of the fact that no communication whatsoever was sent to the mortgagee by the mortgagor in response to the notice sent on February 20, 1933. It is further contended that such silence on the part of the mortgagor constituted a relinquishment of possession of the mortgaged premises to the mortgagee and that, therefore, the mortgagee is properly described as the landlord in the instant proceeding.

Such contention is untenable and is not supported by the authorities. The mortgagee herein pursuant to the clause hereinbefore referred to, contained in the mortgage, was only given a pledge of the rents for the premises, to which the mortgagee could not become entitled until in some legal form it had reduced such pledge to possession of the premises. The usual way in which a pledge of this character can be reduced to possession is for the mortgagee to institute a foreclosure proceeding and have a receiver appointed or by the consent of the owner. (*Emigrant Industrial Sav. Bank* v. *North American Radio Corp.*, 140 Misc. 639.)

The failure of the mortgagor to respond to the communication of February 20, 1933, sent to it by the mortgagee, does not constitute a consent to the mortgagee to assume possession of the premises. A duty to speak or to respond to a communication is only required where conduct accompanied by refraining from speaking or responding would amount to a deception. (*Tighe* v. *Empire Bond & Mortgage Corp.*, 144 Misc. 146.)

In the instant case there are no facts shown or alleged which establish by a fair preponderance that the failure of the mortgagor to respond to the notice sent by the mortgagee was calculated to or did deceive the mortgagee in any manner whatsoever.

I am constrained to hold, therefore, that no consent to enter into possession of the mortgaged premises was given by the mortgagor to the mortgagee and consequently the claim of The Dime Savings Bank of Brooklyn for rental from the tenant Fox may not be sustained.

The proper remedy for The Dime Savings Bank of Brooklyn to pursue under the existing circumstances, is to institute a foreclosure action and have a receiver appointed for its benefit. Until this is done or until the mortgagor consents to the assumption of possession by the mortgagee, no claim may be made by The Dime Savings Bank of Brooklyn for rent from any of the tenants occupying portions of the mortgaged premises herein. (*Barson* v. *Mulligan,* 191 N. Y. 306.)

Judgment is, therefore, rendered in favor of the tenant and the petition of The Dime Savings Bank of Brooklyn is hereby dismissed.