OPINION OF THE COURT
Edward H. Lehner, J.
The principal issue raised on this motion to dismiss is whether a person claiming to be a mortgagee in possession can institute a summary proceeding.
The petition herein alleges that petitioner “is the landlord and owner” of the premises sought to be recovered. However, in answering papers he seeks to amend to allege that he is the mortgagee in possession.
The modern viewpoint is (1) to liberally permit amendments in summary proceedings to correct “errors, omissions, irregularities, mistakes, or defects of form” so long as they “do not substantially prejudice any party”, and (2) that a “summary proceeding is not jurisdictionally defective so long as the court ha[s] jurisdiction of the subject matter in accordance with RPAPL article 7 and jurisdiction over the person of the respondent by dint of proper service”. (Little Ferry Assoc. v Diaz, NYLJ, Jan. 12,1981, p 12, col 1 [App Term, 1st Dept].)
However, notwithstanding the principle that amendments are to be freely permitted (CPLR 3025, subd [b]), such permission should be withheld if the proposed amendment is clearly insufficient as a matter of law to sustain *709 the pleading. (See Simone v Long Is. Jewish Hillside Med. Center, 81 Misc 2d 163; Frances B. v Mark B., 78 Misc 2d 112.)
Although a . mortgagee in possession is not one of the persons specified in RPAPL 721 entitled to maintain a summary proceeding, petitioner cites the 1900 Appellate Term decision in Goodnow v Pope (31 Misc 475,476-477) as authority for his right to bring this proceeding. There the court said: “The only question really involved is whether a mortgagee in possession * * * had the right to institute summary proceedings for the nonpayment of rent; for it is conceded that to justify the pursuit of this remedy, the conventional relation of landlord and tenant must exist. That relation does exist, however, whenever the landlord of an existing lease transfers, or the law transfers for him, all his rights of possession under the lease, with the resultant right of collecting and enforcing collection of the rents. Thus, if a landlord make a deed of the property subject to the lease, the relation of landlord and tenant at once arises between the grantee and the tenant, or, if a receiver is appointed under the clause in the mortgage providing for that remedy, the receiver assumes the conventional relation of landlord sufficiently to enable him to enforce payment of the rent by summary proceedings. A mortgagee who has gone into possession of the mortgaged premises, with the consent of the landlord, occupies towards the tenant the same relation that such a receiver would occupy. He is entitled to collect the rents and profits in the quasi character of trustee or bailiff of the mortgagor * * * Indeed the very situation of a mortgagee in possession carries with it, by necessary implication, not only the right, but the duty of collecting the rents, and using for that purpose the processes provided by law. He must, in time, account to the mortgagor for all rents received, as so much paid on account of the mortgage debt, and upon such an accounting may be charged with the rents and profits he might have collected, if his failure to recover them can be attributed to his willful neglect.” (Emphasis supplied.)
In his papers petitioner does not state how he came into possession of the premises. However, from the documents attached to respondent’s memorandum of law (although *710 not part of any affidavit), it is clear that although petitioner may be a mortgagee, he is not in possession of the premises with the consent of the owner, who apparently is claiming that all rents should be paid to it.
Thus, even if Goodnow v Pope (supra) were still controlling law, in light of the clear lack of consent of the mortgagor, petitioner as an alleged mortgagee in possession, would not be entitled to bring this proceeding. One reason to require the owner’s consent is that without same, a tenant could be subject to “double jeopardy” if the owner were to claim that a payment to the mortgagee was improper.
In commenting on this issue, it is said in Rasch, New York Landlord and Tenant (2d ed, vol 2, § 1224, citing Goodnow v Pope, supra, p 476) as authority: “The mortgagee is in possession solely as the agent of the landlord. The assignment of the rents in such case is merely as security, and the mortgagee-assignee, therefore, is in fact the agent of the owner of the demised premises, holding the rents as trustee for him.” See, also, Lawyers Tit. & Guar. Co. v Tausig (149 Misc 594, 596) where it is pointed out that the authority of a mortgagee in possession to institute summary proceedings “exists not because the mortgagee is a landlord or lessor, but because it acts as agent for the mortgagor.”
With this as a background, one then has to consider the effect of chapter 247 of the Laws of 1977 which amended RPAPL 721 to delete subdivision 8 thereof which had authorized attorneys and agents to commence summary proceedings. Commenting on the amendment, it is stated in the 1982 supplement to section 1220 of Rasch’s New York Landlord and Tenant (2d ed, vol 2) as follows: “Accordingly, the legal representative, attorney, or agent of the landlord or other person entitled to maintain the proceeding no longer may bring the proceeding, but only may verify the petition on behalf of the person authorized by statute to bring the proceeding.” (See, also, 1550 Broadway Assoc. v El-Pine Drinks, 96 Misc 2d 707.)
Since the right of a mortgagee in possession to institute summary proceedings has been sustained based on an agency relationship, the 1977 elimination of the right of an *711 agent to commence summary proceedings on behalf of the principal a fortiori means that Goodnow v Pope (supra) is no longer controlling law and that a mortgagee in possession may not maintain summary proceedings in its own name.
The clear remedy of the petitioner is to apply for the appointment of a receiver who may then under RPAPL 721 (subd 9) reinstitute this proceeding. (See Dime Sav. Bank of Brooklyn v Fox, 147 Misc 24.)
In light of the above, the request to amend is denied and the petition is dismissed without prejudice.