*907 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, motion granted and petition dismissed.
The issue on this appeal is whether an assignee of leases and rents, where the assignment was given as security for a debt, may maintain a summary proceeding. We hold that she may not.
Appellant James Ogle is the owner of a building which has within it a real estate office and two apartments. As security for a loan of $170,000, Ogle gave petitioner a mortgage on the property. As further security for the loan, Ogle gave petitioner an "Assignment of Leases and Rents.” By the terms of this instrument, Ogle assigned to petitioner "all of the rents, revenue, issues and profits” and "also all leases, sub-leases and rental agreements now hereafter affecting said premises.” The assignment was to be held by petitioner but was not to be "applied” except upon a default under the mortgage. The assignment further provided that petitioner is granted "full power and authority as principal” to, inter alla, take possession of the premises from persons liable for the rents and to institute legal proceedings, including summary proceedings for the removal of tenants.
After a default under the mortgage, petitioner commenced a nonpayment proceeding against the occupants of the commercial premises, naming appellant James Ogle, appellant Ogle Group, Inc., and another as respondents. Petitioner also commenced a nonpayment proceeding against the tenant living in one of the residential units. The parties respondent moved to consolidate the two nonpayment proceedings and for summary judgment dismissing the proceeding on the ground that petitioner was not a party authorized to maintain a summary proceeding. In support of the motion, appellant James Ogle stated that he had never paid rent to petitioner and had never acknowledged her as landlord. Petitioner’s only written opposition to the motion was a memorandum of law, in which it was argued that the assignment gave her the right to maintain the proceeding.
The court below denied the motion for summary judgment. The court’s decision states that while a "pure” assignee of rents may not maintain a summary proceeding, the assignment here authorized the petitioner "to act exclusively and solely in the place and stead of the owner, and to have all the *908 powers as owner” and thus constituted petitioner an attorney-in-fact authorized to maintain the proceeding (citing Rosenberg v Suares, 105 Misc 2d 611). Occupants James Ogle and the Ogle Group, Inc. appeal from this determination.
It is clearly the law that a mere assignee of rents may not maintain a summary proceeding (see, e.g., Poughkeepsie Sav. Bank v Sloane Mfg. Co., 84 AD2d 212, 215; 2 Rasch, New York Landlord and Tenant § 39:10 [3d ed]). This is because an assignee of rents has no right to possession and is not a "landlord” within the meaning of RPAPL 721 (1).
It was formerly the law that where the instrument of assignment gave an assignee of rents a right of possession the assignee could maintain a summary proceeding (see, President & Directors of Manhattan Co. v Neiberg, 164 Misc 618). This is no longer the law. The old rule was predicated on the right of the assignee to maintain the proceeding as an agent or attorney-in-fact of the landlord (see, e.g., Lawyers Tit. & Guar. Co. v Tausig, 149 Misc 594; New York Tit. & Mtge. Co. v Garson, 146 Misc 582). By Laws of 1977 (ch 247), the provision in RPAPL 721 authorizing the legal representatives, attorneys, agents, and assignees of a landlord to maintain summary proceedings was deleted. By virtue of this amendment, and contrary to the view of the court below and the opinion upon which it relied, the rule now is that an agent or attorney-in-fact is not a party authorized to maintain a summary proceeding (see, e.g., Woodlaurel, Inc. v Wittman, 163 AD2d 383; William Manor Assocs. v Gregory, NYLJ, May 4, 1988, at 13, col 2 [App Term, 9th & 10th Jud Dists]; Singer v Bermudez, 117 Misc 2d 708; 1550 Broadway Assocs. v El-Pine Drinks, 96 Misc 2d 707). It follows that an assignee of rents with right of possession also is no longer a party authorized to maintain a summary proceeding.
The question remains whether petitioner’s position is in any way improved by virtue of the fact that she is also an assignee of leases. We think it is not. While the issue of whether an assignee of a lease generally may maintain a summary proceeding is far from settled (compare, e.g., Burnee Corp. v Uneeda Pure Orange Drink Co., 132 Misc 435, Russo v Yuzolino, 19 Misc 28, and 2 Rasch, New York Landlord and Tenant § 39:9 [3d ed], with 1026 Rest. v Hoffzimer, 21 Misc 2d 211, Kelly v Smith, 16 NYS 521, Huerstel v Lorillard, 29 NY Super Ct 260, affd 30 NY Super Ct 251, and 3 New York Law of Landlord & Tenant § 1114), it is clear to us that where the assignment of the lease is given as security for a mortgage the *909 assignee may not maintain the proceeding. When a lease is assigned as security for a mortgage, no matter what language is used in the instrument of assignment, no transfer of title to the lease can be effected. "Whenever property is transferred, no matter in what form or by what conveyance, as security for * * * a debt, the conveyance creates a mortgage * * * and the parties * * * are subject only to the obligations of a mortgagor and mortgagee” (77 NY Jur 2d, Mortgages and Deeds of Trust, § 25, at 401; see, Mooney v Byrne, 163 NY 86; Carr v Carr, 52 NY 251). Inasmuch as title is not transferred, the assignment is no more than an assignment of rents and the assignee’s right to possession, if any, is only as an agent of the owner. Accordingly, petitioner is not a party authorized to maintain this proceeding. Her remedy is to apply for the appointment of a receiver who may maintain a summary proceeding under RPAPL 721 (9) (see, Singer v Bermudez, 117 Misc 2d 708, supra).
Kassoff, P. J., Pizzuto and Santucci, JJ., concur.