*288 OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by dismissing the petition and, as so modified, affirmed without costs.
In December 1992, appellants received a loan from persons who ultimately assigned their full interests to petitioner in 1994. Appellants, who have lived in the subject cooperative apartment over 45 years, turned over their cooperative shares and proprietary lease as collateral for the loan, without obtaining prior approval from the cooperative board, and signed a confession of judgment. After appellants defaulted on the loan, petitioner provided them with a 10-day notice of termination, which stated that pursuant to RPAPL 713, appellants’ “license ha[d] expired as a result of the license terminating.” Subsequently, petitioner commenced the instant proceeding against appellants.
A review of the record on appeal indicates that no landlord-tenant relationship exists between petitioner as assignee of the cooperative shares and proprietary lease and appellants who have resided in and had exclusive use of the subject apartment for over 45 years. This court has held in Suderov v Ogle (149 Misc 2d 906) that an assignee of leases or rents, where the assignment was given as security for a debt, cannot maintain a summary proceeding. “ ‘Whenever property is transferred, no matter in what form or by what conveyance, as security for * * * a debt, the conveyance creates a mortgage * * * and the parties * * * are subject only to the obligations of a mortgagor and mortgagee’ ” (supra, at 908).
Moreover, the record also indicates that appellants are not licensees within the purview of RPAPL 713. A licensee has been defined as a person to whom an owner has granted a mere right to occupancy. The person solely has permission to do a particular act or series of acts upon the land of another and has no estate in the land (Maffetone v Micari, 205 Misc 459). In Rosenstiel v Rosenstiel (20 AD2d 71, 76), the Court defined a licensee as “one who enters upon or occupies lands by permission, express or implied, of the owner, or under a personal, revocable, nonassignable privilege from the owner, without possessing any interest in the property, and who becomes a trespasser thereon upon revocation of the permission or privilege.”
Applying the above definitions to the case at bar, it is clear that appellants are not licensees within the meaning of RPAPL *289 713 (7) since they do not occupy the premises by virtue of an express or implied agreement with petitioner; rather they derive their right to possession directly from the cooperative. Under the circumstances, a licensee proceeding does not lie.
In the case at bar, it is uncontroverted that the cooperative owns the apartment and petitioner is merely an assignee which has physical possession of the proprietary lease and cooperative shares. In view of the foregoing, as well as the fact that appellants are not licensees, petitioner clearly is not a party authorized to maintain the proceeding pursuant to RPAPL 721.
Kassoff, P. J., Chetta and Patterson, JJ., concur.