*598 OPINION OF THE COURT
Cheryl J. Gonzales, J.
Petitioner commenced this holdover proceeding seeking possession of the cooperative apartment occupied by respondents. On May 6, 2008, petitioner served a 10-day notice to quit on respondents which stated that petitioner purchased the shares of stock for respondents’ apartment on April 8, 2008, and the respondents’ proprietary lease interest was extinguished as a result of the sale. Respondents were directed to vacate the apartment by May 20, 2008 and, when they did not vacate, the instant summary proceeding was commenced.
In their answer, respondents interposed six affirmative defenses. Petitioner then moved to strike respondents’ affirmative defense of lack of personal jurisdiction and respondents cross-moved for an order dismissing the proceeding. The Honorable Timmie Eisner granted petitioner’s motion, and denied respondents’ cross motion stating that there were questions of fact as to petitioner’s standing to commence this proceeding and whether Overslav Posters Limited (Overslav Ltd.) was a necessary party.
At trial, petitioner, a private lending company, presented evidence that in 2005 and 2006 it made two loans to Overslav Ltd. which totaled $300,000. According to Robert Stockel, petitioner’s managing member, Overslav Ltd. was seeking to expand from the poster business to making watches which bore the likeness of different mayors. Respondents, the sole shareholders of Overslav Ltd., signed promissory notes securing the loans with their shares of stock in the cooperative apartment. Petitioner sent respondents a 10-day notice to cure and informed them, in a letter dated January 12, 2007, that their loan was in default.
Petitioner subsequently sought to foreclose on the loan, and respondents unsuccessfully moved for injunctive relief to stop the sale of the shares at auction. Petitioner purchased the shares for $10,000 on April 8, 2008 at an auction on the steps of the courthouse which was also attended by respondent William Tatum. Since that date respondents have not paid any maintenance fees to the cooperative.
Ms. Veronica Johnson, an assistant property manager since 2005 with RY Management Agency which manages the cooperative, testified that the cooperative recognized that as of April 8, 2008 respondents were no longer the owners of the shares allocated to the apartment in which they reside. Ms. Johnson *599 stated that although the cooperative recognizes petitioner as the owner of the shares, no new stock certificate has been issued because there has been no closing between petitioner and a new owner. Petitioner’s request for a new stock certificate was denied by the cooperative. The rules of the cooperative permit only residential occupancy and do not allow investors or sponsors to maintain a proprietary interest in the cooperative. According to Ms. Johnson, a bank may own shares for a limited period of time if it plans to sell the shares within a specified period, but the bank will not be allowed to have anyone occupy the unit. In addition, Ms. Johnson testified that petitioner had not requested approval pursuant to paragraph 3 (b) of the recognition agreement to transfer its interest in the apartment.
With regard to Overslav Ltd., Ms. Johnson claimed that the cooperative had no knowledge of the corporation’s existence or that it operated out of respondents’ apartment. The cooperative rules permit only residential occupancy and Ms. Johnson stated that legal proceedings would have been commenced against respondents had the cooperative been made aware that Overslav Ltd. operated out of the subject apartment.
Chris Singleton, petitioner’s employee, testified that he visited respondents’ apartment on two occasions in order to inspect the apartment to determine its condition and assess its value. Mr. Singleton stated that on his first visit in 2005 he was shown around the entire apartment by respondents, and he was able to observe the balcony, kitchen, two bathrooms and three bedrooms. Mr. Singleton also visited the apartment again in 2007 after respondents defaulted on the loan. On that visit Mr. Singleton only entered the living room. He testified that he never saw any evidence that respondents were conducting business in the apartment. The apartment contained no office furniture or desks but there were plants, a couch and pictures on the walls.
Robert Stockel, petitioner’s managing member, testified that he never received anything from Overslav Ltd. with the address of respondents’ apartment. Petitioner introduced into evidence two letters from Mr. Tatum as well as a business card which bore the address 527 Third Avenue, New York, New York.
However, Mr. Tatum testified that petitioner only used the address of the cooperative in all its communications which were sent to him. According to Mr. Tatum, the Third Avenue address was merely a mail drop and the business shared the apartment address. Mr. Tatum, who purchased the shares of stock in the *600 cooperative in 1977, testified that he was unaware that the cooperative prohibited business activity in the apartments. In addition, Mr. Tatum admitted that he had not paid any maintenance since April 2008.
Petitioner argues that as a result of the foreclosure sale it is the owner of the stock shares allocated to the apartment, and a proper party under RPAPL 713 (5). Further, petitioner asserts that it has standing to bring this proceeding pursuant to RPAPL 721 (3). Petitioner claims that the certificate of sale is evidence of its status as a purchaser at a foreclosure sale. Further, petitioner contends that the fact that the stock certificate and proprietary lease remain in respondents’ names and have not been changed to reflect petitioner as the proper party in interest is of no moment since it is clear that the cooperative recognizes petitioner as the rightful owner of the shares. Petitioner asserts that although the rules of the cooperative do not permit the stock certificate and proprietary lease to reflect its name instead of respondents’ names there is no question that respondents no longer own the shares.
Respondents counter that petitioner is not the owner or the landlord as alleged in the petition, and lacks standing to maintain this proceeding. Further, respondents contend that testimony alone is insufficient to support petitioner’s claim of its status as the owner or landlord, as petitioner must show that it has an interest in the property which gives it the authority to determine who can occupy the property. Despite the foreclosure sale, there is no stock certificate which reflects that petitioner owns the shares appurtenant to the subject apartment. Therefore, respondents assert that petitioner’s failure to prove this claim as stated in the petition requires dismissal of the proceeding.
Petitioner claims the right to maintain this proceeding under RPAPL 721 (3), which states that a proceeding may be brought by “[t]he purchaser upon the execution or foreclosure sale, or the purchaser on a tax sale to whom a deed has been executed and delivered or any subsequent grantee, distributee or devisee claiming title through such purchaser.”
In this case, petitioner foreclosed on its loan to respondents who pledged their stock in the cooperative as collateral for the loan. However, petitioner has not acquired title as a result of the sale, and therefore does not meet the requirements of RPAPL 721 (3). The cooperative’s refusal to issue a new stock certificate does not create an exception to the law.
*601 Essentially, petitioner in this proceeding has no greater rights than the lender in City Enters. v Posemsky (184 Misc 2d 287 [2000]). The petitioner in that proceeding commenced a summary proceeding against respondents who defaulted on a loan for which they pledged their shares in the cooperative as collateral. However, there was no transfer of the title, and the court, citing Suderov v Ogle (149 Misc 2d 906 [1991]), found that petitioner had no standing to maintain the proceeding. Although, petitioner in this case has foreclosed on the loan, the limitations placed by the cooperative foreclose its ability to meet the requirements of RPAPL 721.
Moreover, a petitioner in a summary eviction proceeding must also have an actual possessory interest in the apartment (Scherer and Fisher, Residential Landlord-Tenant Law in New York § 7:86 [2008]). In this case, only the cooperative can confer the right to possession. The rules of the cooperative prohibit petitioner from owning the stock and from any right of occupancy. Therefore, petitioner has no possessory interest and has no standing to maintain this proceeding.
Based on the foregoing, there is no need to reach respondents’ argument that Overslav Ltd. is a necessary party.
Accordingly, the petition in this proceeding is dismissed.