Inland Diversified Real Estate Service, LLC, Agent for INLAND DIVERSIFIED WHITE PLAINS CITY CENTER, LLC, Respondent,
against
Keiko New York, Inc., Doing Business as ASIAN FUSION, Appellant, -and- "JOHN DOE" and "JANE DOE", Undertenants.



Appeal from an order of the City Court of White Plains, Westchester County (JoAnn Friia, J.), dated February 10, 2014. The order denied tenant's motion to vacate a stipulation of settlement, final judgment and warrant of eviction in a nonpayment summary proceeding.




ORDERED that the order is reversed, without costs, tenant's motion to vacate the stipulation of settlement, final judgment and warrant of eviction is granted, and the matter is remitted to the City Court for the entry of a final judgment dismissing the petition. 
Inland Diversified Real Estate Service, LLC (petitioner) commenced this nonpayment proceeding on behalf of Inland Diversified White Plains City Center, LLC (landlord) against landlord's commercial tenant seeking to recover possession and items described as "minimum rent" and "additional rent" (which consisted of electricity, gas, quadlogic meter and common area maintenance charges). In November 2013, the parties, both represented by attorneys, entered into a so-ordered stipulation of settlement pursuant to which, among other things, tenant agreed to pay petitioner $136,371.31, with $20,651.57 due on November 15, 2013 and December 15, 2013, respectively, and the remaining amount due by January 1, 2014. The stipulation also provided "that petitioner can execute on the warrant of eviction without further notice as of 1/8/14." A final judgment in favor of petitioner was entered pursuant to the stipulation, and a warrant was issued, both of which were stayed. 
After tenant made the November and December 2013 payments, tenant changed attorneys and, in January 2014, moved to vacate the stipulation of settlement and the final judgment. In support of its motion, tenant's vice president stated, among other things, that the stipulation had been entered into by tenant's former attorney by mistake, without the authority and understanding [*2]of tenant, and tenant had not been aware that it was expected to vacate the premises by January 8, 2014; that the person representing tenant on the day the stipulation was signed spoke limited English; that tenant would never have agreed to vacate the premises and surrender possession if it had been aware of the terms, since it merely wanted the opportunity to satisfy the arrears legitimately owed to petitioner; that tenant had always paid its base rent but had not paid the exorbitant utility charges because petitioner had refused to provide it with copies of the utility bills; and that the amount of arrears, which includes charges for utilities, was incorrect since the utility charges are not additional rent and, therefore, are not recoverable in a nonpayment proceeding. In opposition to the motion, petitioner's commercial property manager stated, among other things, that the terms of the lease agreement between the parties defined the utility charges as "additional rent"; that, prior to signing the stipulation, tenant had reviewed the payment history and agreed that it owed the arrears shown therein, which included utility charges; and that since tenant had not been able to pay the past due rent and the additional rent it owed, tenant had consented to a money judgment and the issuance of a warrant in exchange for petitioner's agreement to let tenant remain in the premises until January 8, 2014. By order dated February 10, 2014, the City Court denied tenant's motion. 
On appeal, tenant contends, among other things, that the stipulation of settlement should have been vacated because it was obtained by mistake, and the terms therein prejudiced tenant; that the stipulated arrears improperly included monies for utility usage, which the lease does not define as rent, and which cannot be obtained in a nonpayment proceeding; and that the stipulation erroneously changed the nonpayment proceeding into a holdover proceeding.
A review of the record indicates that the lease agreement between landlord and tenant clearly provides that it is tenant's obligation to, at its own cost and expense, arrange for the installation, supply and payment of utilities (¶ 31.01 of the lease and ¶ 4.01 of the rider). Pursuant to paragraph 21.01, tenant agreed to indemnify landlord for any costs or expenses that arise out of, among other things, the use and/or occupancy of the premises. Paragraph 5.01 of the lease provides that all of the costs that tenant is obligated to incur pursuant to the lease are deemed "additional rent." When read together, these lease provisions establish that for petitioner to recover the electricity, quadlogic meter and gas charges as "additional rent," petitioner was required to show that landlord had actually paid for these charges which arose out of the use and/or occupancy of the premises and that landlord was thus entitled to be indemnified for such costs. However, petitioner submitted no bills to show that these charges were paid by landlord. Consequently, petitioner failed to show that landlord was entitled to be indemnified therefor and, thus, that these charges were recoverable as additional rent. Since a nonpayment summary proceeding can be maintained only to recover "rent" (RPAPL 711 [2]; Matter of Bedford Gardens Co. v Silberstein, 269 AD2d 445 [2000]), the City Court lacked subject matter jurisdiction over these items (see Matter of Bedford Gardens Co. v Silberstein, 269 AD2d 445; Graham Realty Assoc. LLC v Peller, 11 Misc 3d 132[A], 2006 NY Slip Op 50352[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]), and an award for these items should not have been included in the final judgment (see Graham Realty Assoc. LLC v Peller, 11 Misc 3d 132[A], 2006 NY Slip Op 50352[U]).
Furthermore, upon a review of the pleadings and papers herein (see CPLR 409 [b]), we find that, in light of the magnitude of the discrepancy between the amount of rent upon which this proceeding may properly be maintained and the amounts actually asserted (and incorporated into the stipulation of settlement), tenant may have been prejudiced in its "ability to respond to the demand, formulate defenses, and avoid litigation or eviction" (10 Midwood LLC v Hyacinth, 2003 NY Slip Op 50789[U], *3 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]). As a result, the petition should be dismissed. We further note that petitioner is the agent of the landlord, and RPAPL 721 does not permit an agent to maintain a nonpayment proceeding (see Key Bank of NY v Becker, 88 NY2d 899, 900 [1990]; Poughkeepsie Sav. Bank v Sloanne Mfg. Co., 84 AD2d 212, 215 [1981]; Suderov v Ogle, 149 Misc 2d 906, 908 [App Term, 2d Dept, 2d & 11th Jud Dists 1991]). 
Accordingly, the order is reversed, tenant's motion to vacate the stipulation of settlement, final judgment and warrant of eviction is granted, and the matter is remitted to the City Court for the entry of a final judgment dismissing the petition.
Iannacci, J.P., and Tolbert, J., concur.
Connolly, J., taking no part.
Decision Date: April 11, 2016