The Board of Managers of the J Condominium on Behalf and in the Stead of Unit Owner Patrick O'Keke, Respondent, v
against
Matthew Tornabene and Kerrie A. O'Brien, Appellants, et al., Undertenants. Patrick O'Keke, Intervenor-Appellant. Appellate Term Docket No. 2015-1852 K C Lower Court # 70733/14 O. Valentine Nnebe, Esq., for appellants and intervenor-appellant. Belkin, Burden, Wenig & Goldman, LLP, Robert A. Jacobs, Esq., for respondent.



Appeals from (1) an order of the Civil Court of the City of New York, Kings County (Bruce E. Sheckowitz, J.), dated February 18, 2015, deemed, in part, from a final judgment of the same court entered February 18, 2015 (see CPLR 5512 [a]), and (2) a decision of the same court (Hannah Cohen, J.) dated March 25, 2015, deemed from a judgment of the same court entered March 25, 2015 (see id.). The final judgment, entered pursuant to so much of the order as granted the branch of petitioner's motion seeking summary judgment on the petition, awarded possession to petitioner. The order, insofar as directly appealed from and as limited by the brief, granted the branch of petitioner's motion seeking a hearing on attorney's fees. The appeal from the final judgment brings up for review an order of the same court (Bruce E. Sheckowitz, J.) dated July 25, 2014 which denied a motion by occupants Matthew Tornabene and Kerrie A. O'Brien to dismiss the petition. The judgment entered March 25, 2015, after a hearing on attorney's fees, awarded petitioner the principal sum of $24,391.36 as against occupants Matthew Tornabene and Kerrie A. O'Brien, and intervenor Patrick O'Keke.




ORDERED that so much of the appeal as is from the portion of the order dated February 18, 2015 that granted the branch of petitioner's motion seeking a hearing on attorney's fees is dismissed; and it is further,
ORDERED that the final judgment entered February 18, 2015 and the judgment entered March 25, 2015 are reversed, without costs, the orders dated July 25, 2014 and February 18, 2015, respectively, are vacated, the motion by occupants Matthew Tornabene and Kerrie A. O'Brien to dismiss the petition is granted, and petitioner's motion for summary judgment on the petition and a hearing on attorney's fees is denied. 
So much of the appeal from the order dated February 18, 2015 as is from the portion thereof that granted the branch of petitioner's motion seeking a hearing on attorney's fees is dismissed because the right of direct appeal therefrom terminated with the entry of the judgment on March 25, 2015 (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that [*2]portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
Petitioner, the board of managers of a condominium, commenced this licensee summary proceeding (RPAPL 713 [7]) purportedly as the agent of Patrick O'Keke, the condominium unit's owner, against Matthew Tornabene and Kerrie A. O'Brien (occupants), whom petitioner characterized as O'Keke's licensees. Insofar as is relevant to this appeal, the Civil Court, by order dated July 25, 2014, denied occupants' motion to dismiss the petition, subsequently granted petitioner's motion for summary judgment on the petition and for a hearing on attorney's fees by order dated February 18, 2015, and entered a final judgment awarding possession to petitioner, and, after a hearing, a judgment awarding petitioner the principal sum of $24,391.36 in attorney's fees as against occupants and intervenor Patrick O'Keke. 
While petitioner relies upon a provision of the condominium bylaws for its authority to commence this proceeding, summary proceedings are statutory in nature (see RPAPL art 7) and it is RPAPL 721 which governs with regard to who may maintain a summary proceeding, not the parties' agreement. Under RPAPL 721, in its current form, an agent is not a party authorized to maintain a summary proceeding (see Suderov v Ogle, 149 Misc 2d 906 [App Term, 2d Dept, 2d & 11th Jud Dists 1991]; see also Key Bank of NY v Becker, 88 NY2d 899 [1996]; Inland Diversified Real Estate Serv., LLC v Keiko NY, Inc., 51 Misc 3d 139[A], 2016 NY Slip Op 50613[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Thus, occupants' motion to dismiss the petition should have been granted.
In view of the foregoing, petitioner is not the prevailing party and is not entitled to attorney's fees (see generally DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d 774, 776 [2015]).
Accordingly, the final judgment entered February 18, 2015 and the judgment entered March 25, 2015 are reversed, the orders dated July 25, 2014 and February 18, 2015, respectively, are vacated, occupants' motion to dismiss the petition is granted, and petitioner's motion for summary judgment on the petition and for a hearing on attorney's fees is denied.
Weston, J.P., Solomon and Elliot, JJ., concur. ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 21, 2017