OPINION OF THE COURT
Per Curiam.
Order, dated October 22, 2010, reversed, with $10 costs, motion denied, and petition reinstated.
This holdover summary proceeding, ostensibly based upon the expiration of the residential tenant’s most recent unregulated lease agreement, is not susceptible to summary dismissal. Even assuming, without deciding, that tenant’s proof was sufficient to give rise to the statutory presumption of landlord retaliation (see Real Property Law § 223-b [5]), the pre-answer record now before us raises but does not resolve several material triable issues, including whether the dispossess proceeding was commenced in retaliation for any good faith actions previously taken by tenant in enforcing his lease rights and, if so, whether the landlord “would not otherwise have commenced” the proceeding (Real Property Law § 223-b [4]) but for the tenant’s protected activity (see Velez v Frion Realty Corp., 300 AD2d 103 [2002]; Webster Apts. Corp. v Baglivo, NYLJ, Mar. 28, 1989, at 22, col 1 [App Term, 1st Dept]). The burden of establishing the affirmative defense of retaliatory eviction lies with its proponent, the tenant, and, as one noted commentator has observed: “To succeed in this difficult task, the tenant must show the landlord’s state of mind, purposes, and motives, relying almost exclusively on circumstantial evidence” (3 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 43:34, at 134 [4th ed]). It would be a rare case indeed in which sufficient proof of landlord’s subjective, retaliatory state of mind was presented on papers alone. This is not such a case.
Hunter, Jr., J.E, Schoenfeld and Torres, JJ, concur.