Sharon Brown, Petitioner-Landlord-Respondent, 
against
Kimberly Felton, Respondent-Tenant-Appellant, -and- John Doe and Jane Doe, Respondents.



Tenant appeals from a final judgment of the Civil Court of the City of New York, Bronx County (Miriam M. Breier, J.), entered on or about June 1, 2017, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Miriam M. Breier, J.), entered on or about June 1, 2017, affirmed, with $25 costs.
Although this holdover proceeding was brought by landlord within six months after tenant's complaint to HPD regarding conditions in the subject apartment, the trial evidence, fairly interpreted, supports the finding that landlord had a non-retaliatory motive for commencing the proceeding. The record shows and the trial court found that tenant's unregulated lease agreement expired by its terms, and landlord terminated the ensuing month-to-month tenancy in November 2016 because "[tenant] ha[d] no lease and has failed to pay her portion of the rent since October 2015" (see Real Property Law §§ 223-b[1],[5]; 339-347 E. 12th St. LLC v Ling, 35 Misc 3d 30, 31 [2012]; Springfield Missionary Baptist Church v Dawson, 22 Misc 3d 130[A], 2009 NY Slip Op 50128[U] [App Term, 1st Dept 2009]; Gelmo Realty v Fiore, 1 Misc 3d 129[A], 2003 NY Slip Op 51570[U] [App Term, 9th & 10th Jud Dists 2003]). These findings, resting in large measure on considerations relating to the credibility of witnesses, are entitled to deference on appeal (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]).
Nor did tenant establish that landlord's acceptance of certain DSS rent checks constituted a waiver of the right to maintain this proceeding. We take judicial notice that this holdover proceeding was commenced on December 8, 2016 (see CCA 400; ABN Assoc., LLC v Citizens Advice Bur., Inc., 27 Misc 3d 143[A], 2010 NY Slip Op 51075[U] [App Term, 1st Dept 2010]). Inasmuch as landlord had the right to accept rent after commencement of the proceeding (see RPAPL § 711[1]), its acceptance of a DSS rent check dated December 10, 2016, did not [*2]constitute any waiver (see Oppenheim v Spike, 107 Misc 2d 55, 57 [1980]). The DSS rent check dated November 25, 2016, which was accepted by landlord before commencement of the proceeding, was properly applied to the then-current, pre-termination (November 2016) rent.
We have considered tenant-appellant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 12, 2018